## NAVARRO OIL CO. v. CROSS.

### No. 14673.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 12, 1945.

Rehearing Denied Nov. 16, 1945.

Campbell, Durno, Gordon & Strong, of Houston, and John T. Gano, of Fort Worth, for appellant.

Oliver W. Fannin, of Fort Worth, for appellee.

BROWN, Justice.

It is undisputed that appellee Cross owned the leased lands on February 8, 1928, the day that Cross and wife, for themselves and as agents of the State of Texas, leased the premises to appellant Navarro Oil Company for the production of oil and gas, and that such lease was executed under Article 5367 of Vernon's Ann.Civ.St., and that the lessee paid Cross the sum of $12,000 as "bonus money" for such lease. No part of which was ever paid to the State of Texas.

The lease in all of its terms is the same as the leases involved in the following suits: Duffey v. Cross, Tex.Civ.App., 175 S.W.2d 637, Cross v. Shell Oil Co., submitted to the Supreme Court on certified questions and reported in 188 S.W.2d 375, and also the leases in the cases cited in the opinion.

The Legislature, in 1933, because of the confusion that attended the passage of the first Relinquishment Act (said Article 5367) passed Article 5367a, and such last mentioned statute became effective ninety (90) days after adjournment of the Legislature. The pertinent provisions of this Act are copied in the opinion of the Austin Court of Civil Appeals in the case of Duffey v. Cross, 175 S.W.2d 637, and they will not be copied by us.

It appears that suits to be brought by the State of Texas, under this law, and arising under leases theretofore executed, had to be filed not later than August 30, 1938, that being the last day on which a suit could be filed before the bar of limitations provided for in the law would enure to the benefit of the debtor.

It is undisputed that "on and prior to the 1st day of May, 1938, the State of Texas through its proper officers and agents ascertained and determined the amounts of bonus and rental money due the State of Texas and by whom due as the result of the execution of said oil and gas lease (the one involved in the instant suit) and demanded of the Navarro Oil Company that the said Navarro Oil Company pay to the said State of Texas one-half of the said Twelve Thousand Dollars paid as aforesaid to the said John T. Cross"; and it is further undisputed that said oil company refused to pay such sum, and that on August 30, 1938, which was more than 90 days after such ascertainment and demand, the State brought suit against said oil company in the District Court of Travis County to recover one-half of such bonus money paid to Cross.

The record discloses that said oil company merely denied generally that it owed such debt, and that it made no other defense.

It is undisputed that the petition of the State of Texas contains no averments concerning the conditions precedent to the filing of such a suit, or that such conditions were met and that said oil company, after due demand upon it, and the lapse of 90 days thereafter, declined and refused to pay.

The petition merely alleges, in substance, the execution of the lease, the fact that the State was entitled to one-half of the bonus and rental money, and that the defendant became obligated to the State for one-half of all such sums paid or contracted to be paid as bonuses and rentals; that the said oil company has wholly failed and refused to pay "the sums of money hereinafter set out opposite each of the leasehold estates hereinafter described." It is alleged that the amounts set out in the petition "are due on account of the unpaid balance of bonus and rental heretofore accrued." The petition sets forth the sum sued for as $6,112.

It is further disclosed by the undisputed record that the State took judgment against said oil company on November 7, 1938, for $6000 and that on November 17, 1938, said oil company paid the amount adjudged against it to the State of Texas.

It is further undisputed that said oil company, on December 16, 1938, demanded of Cross that he repay it such sum so paid to the State, and that Cross refused to comply with such demand. Thereafter, on July 12, 1939, Navarro Oil Company brought the instant suit against Cross.

The allegations in the petition are, in substance, the execution by Cross of the

lease, its terms and conditions, the payment by Navarro Oil Company of the entire bonus of $12,000 to Cross, the character of the land and the mineral classification of same, that when the said oil company paid the entire sum of bonus money to Cross, it did not know that the State of Texas was entitled to one-half of same and that such sum was wrongfully received by Cross; that "on and prior to May 1st, 1938, the State of Texas, through its proper officers and agents ascertained and determined the amounts of bonus and rental money due the State of Texas and by whom due as the result of the execution of said oil and gas lease, and lawfully demanded of this plaintiff its one-half (½) part of said bonus; that on the 30th day of August, 1938, and more than 90 days after such ascertainment and demand, the State of Texas brought suit against this plaintiff in the District Court of Travis County, Texas, to recover one-half (½) of all payments made by the plaintiff to defendant on account of the bonus named in said lease; that said cause came on for hearing and at the trial thereof, the State of Texas recovered judgment against this plaintiff for the sum of $6,000.00, being one-half (½) of the bonus money plaintiff had paid defendant as aforesaid; that on or about the 17th day of November, 1938, this plaintiff paid the amount of said judgment to the State of Texas."

Recovery is sought on the following theories: (1) Breach of covenant, (2) that both plaintiff and defendant were obligated to pay one-half of the bonus money to the State and that defendant was primarily liable, and plaintiff having paid the debt it became subrogated to all the rights of the State as against Cross, (3) that by reason of the facts alleged, it was the duty of Cross to indemnify the plaintiff, after it had paid the debt to the State; that demand has been made upon Cross who has refused payment.

Cross defended upon several theories, but if we understand the holdings of the Court of Civil Appeals for the "Austin District," in the case of Duffey v. Cross, 175 S.W.2d 637 (in which case a writ of error was refused by the Supreme Court for want of merit), we believe that only one theory of his defense need be discussed: Cross asserts that the State of Texas, having brought suit against the lessee, Navarro Oil Company alone was obligated to plead its case in accordance with the provisions of Article 5367a, alleging that the conditions precedent to the filing of such suit were met and complied with, but that instead the petition as filed by the State stated no cause of action against said oil company; that said oil company, under such circumstances and facts, permitted the State of Texas to take judgment against it and took no appeal from such judgment but merely paid the judgment; that if the State of Texas actually ascertained and determined that said oil company owed the State any sum of money and made any demand upon it for the payment thereof, nevertheless, said State made no such ascertainment and determination as to him (Cross) and no demand was made upon him to make payment thereof; that neither said oil company nor the State ever gave him any notice of any character that such suit had been brought against said oil company and no demand was made by said oil company that Cross pay any sum of money to the State; that after judgment had been rendered against said oil company on the 7th day of November, 1938, and after it had paid said judgment to the State, on November 17, 1938, said oil company demanded payment of Cross; that the State's petition against the said oil company (which stated no cause of action against it because of its failure to allege the facts and conditions precedent) was filed on the last day on which it could be filed before the five years limitation provided for in the Statute expired; and that Cross was never made a party to such suit; that, under the facts alleged, Cross was never given the right or privilege of defending such suit or of taking advantage of the provisions of the Statute under which the State's suit was brought; and that if there ever was any liability on the part of Cross, by reason of the acts of the State and Navarro Oil Company, Cross was thus deprived of any right to appear and defend the suit and of his right to appeal from the judgment rendered against said oil company, and of his right to take advantage of the said provisions of Article 5367a, and said oil company ought not to recover against him.

Exceptions to Cross' defenses were made by the plaintiff oil company and overruled.

The cause was tried to the court and judgment was rendered denying recovery against Cross. The trial court filed findings of fact and conclusions of law.

We will only note those we believe are pertinent to the conclusions reached by us. That after said oil company ceased paying rentals and the lease thus expired by its own terms, on Cross' demand, the said lessee, without any consideration moving to it executed and delivered a release to Cross; that in compliance with the provisions of Article 5367 (meaning 5367a) the Commissioner of the General Land Office ascertained and determined that the said lessee owed the State $6,000, and made demand for its payment; that said Commissioner never ascertained and determined that Cross, the lessor, owed the State any amount and no demand was ever made on Cross by the State; that said lessee not having paid the amount demanded, the State brought suit against the lessee on August 30, 1938, and in such suit did not allege that it had complied with the provisions of Article 5367a prior to bringing such suit; that the only answer filed by the said lessee was a general demurrer and a general denial; that judgment was rendered in favor of the State against the lessee on November 7, 1938; that no notice of appeal was given and no appeal taken, and the judgment was paid in full on November 17, 1938; that on December 16, 1938, said lessee demanded of Cross that he pay it the $6,000 it had paid the State, and Cross refused payment; that Cross had no knowledge that the Land Commissioner had ascertained and determined that Navarro Oil Company owed the State said sum of $6,000, and had made demand upon it for payment, or that suit had been brought, judgment taken and paid by said oil company, until after all of such occurrences and not until said oil company made demand upon Cross for payment of such sum.

The last paragraph of the findings is, in substance, that, in the conversation leading up to the execution of the lease, Cross demanded the sum of $24,000 for the lease, and in such discussion it was mentioned that the State would possibly be entitled to and demand one-half the price obtained for the lease, and that, in the final agreement made by the parties, Cross was to be paid $12,000 for the lease and the lessee was to pay the State any additional amount required to be paid the State; and that the parties inserted in the contract the language, "to fully comply with all present and future laws of the State of Texas," for the purpose of effecting such agreement and with the understanding, agreement, and intent on the part of the parties that the language used in the contract should mean that the lessee would pay the State any additional sum required to be paid under the then existing laws.

On these findings, the trial court concluded that the quoted language of the lease is susceptible of more than one meaning and that extraneous evidence is admissible for the purpose of determining the meaning that the parties to the contract placed upon such language at the time it was inserted in and became a part of the contract, and that it is the duty of the trial court to put the same construction on the contract that the parties put upon it, and that, from the evidence, such construction by the parties thereto was that the lessee should pay to the State the amount the State demanded and recovered from it, and that lessee paid only the amount the parties contemplated it should pay, in the event it had to be paid, and that therefore Cross is not liable to the lessee.

The court further concluded that if the oil company had any cause of action against Cross it was not barred by the limitation of either four or five years, and that the oil company is not estopped from asserting its cause of action by reason of its conduct and the undisputed facts.

The oil company made several objections and exceptions to the findings of fact and conclusions of law.

The court rendered judgment that the oil company take nothing and it appeals.

The lease in question had expired when the suit was brought by the State against the oil company and such company had executed and delivered a release to Cross.

There was no ouster and there could be no recovery on the theory of a breach of warranty by Cross.

The second count is bottomed on the theory of subrogation.

The oil company says the State of Texas acquired and became the owner of a claim for $6,000 against the defendant, John T. Cross, and against it, the liability being joint and several, but that the primary duty to pay such sum is and was on Cross and that in equity and good conscience when the oil company paid such sum to the State, it became entitled to be subrogated to all the rights the State possessed against Cross and should be given the recovery to

which the State was entitled as against Cross.

■ To be entitled to subrogation, one must stand in the shoes of the creditor whose rights he claims and thus standing he can enforce every right which was available to the creditor. However, he can enforce only such rights as the creditor could enforce. In other words, the extent of his remedies and the measure of his rights are controlled by those possessed by the creditor, and it follows that a subrogee takes such rights subject to the limitations, the burdens and the disqualifications incident to such rights in the hands of his predecessor.

It is distinctly held that beyond this a person claiming the right of subrogation has no right and no valid claim for protection. 39 Tex.Jur. p. 795, para. 35.

We find nothing in the Relinquishment Act, Art. 5367 et seq. Vernon's Ann.Civ. Statutes to indicate or even suggest that the lessor, the surface owner of the land, is made the agent of, or that it is his duty to collect the bonus, or the rentals, for the State.

■ Our interpretation of the Statutes is that it is the duty of the lessee to pay to the State that portion of the bonus money and of the rentals due to the State, and if he pays the same to the lessor, he does so at his peril.

If the premises stated are not well taken, then, on no theory could the State recover from the lessee, after he has paid the entire bonus and all the rents to the lessor, and the State's recovery would be limited to its action against the lessor.

If these premises are sound, as we believe them to be, then what is the situation before us as it affects the lessee's right to recover against the lessor?

The land commissioner "ascertained and determined" that the lessee owed the unpaid bonus money due to the State and gave due notice of such act and made demand upon the lessee for payment, in accordance with the provisions of the law, which were prerequisites to the right of the State to bring suit, and actually filed suit against the lessee on the last day that such suit could be filed before the statute of limitation barred the suit.

The State did not make lessor Cross a party defendant for the reason, obviously, that the proper authority had never "ascertained and determined" that Cross owed the bonus money, and if he had been made a party defendant Cross could have abated the suit just as he did in the "Duffey" case.

■ To us, it appears that the State having no enforceable claim against Cross when it filed its enforceable claim against the oil company, the only cause of action that the oil company then had against Cross was for monies paid by it through a mutual mistake and that mistake had been made known to the oil company definitely on February 24, 1932, when the Supreme Court rendered judgment in the case of Empire Gas & Fuel Co. et al. v. State, 121 Tex. 138, 47 S.W.2d 265–275, and any cause of action claimed by the oil company against Cross was barred by limitations.

We arrive at this conclusion because we are of opinion that whatever claim the oil company had against Cross, when it paid the judgment the State had obtained against it, was wholly independent of the claim the State may have had against Cross and which was lost to the State through the bar of limitations.

■ Most assuredly, when the oil company learned that it had paid the entire bonus to Cross when it was its duty to pay one-half of same to the State, the oil company was not required to wait until the State sued it for the State's part of the bonus; the oil company could have brought suit against Cross for a recovery of such sum paid to Cross through what the parties call a mutual mistake.

To permit the oil company to recover against Cross on the theory of subrogation, under the facts and circumstances surrounding the case at bar, is to say that the oil company can enforce against Cross the right that the State once had against Cross, but which right the State had lost through inaction and which was barred by limitation when the State sued the oil company.

To permit the oil company to recover against Cross on the theory of subrogation, at this time, is to deny Cross the right to plead the bar of limitations as to any claim or right that the State ever had against him.

How can it be said that it is just and equitable to permit the oil company to enforce a claim on the theory of subrogation to the rights held by the State when the State cannot enforce any such rights because they are barred by limitation? The

asking of the question answers it, according to our opinion.

To permit the oil company to recover against Cross, at this time, on the theory of subrogation is to deny Cross the rights vouchsafed to him under the statute.

It cannot be denied that had the State acted, as it had the right to do, and ascertained that Cross owed it one-half of the bonus monies, and had sued Cross therefor he would have had the right to rely upon the provisions of the law and pay the State in 20 annual installments, but the oil company, in the suit at bar, says to Cross: "You must pay us in a lump sum, because the State did not sue you, we are suing you for what you owed the State."

If the statute means what it says, then it follows that the oil company is not clothed with any power to take from Cross or deprive him of any right that the State is and was, when the suit was filed, unable to take from Cross.

Under any theory of subrogation, can it be justly and equitably held that the oil company, as against Cross, can do indirectly what the State was and is barred from doing directly? We say no!

The third count in the oil company's pleading urges that, by reason of the facts pleaded, it is entitled to recover from Cross on the theory of indemnity.

When Shell Petroleum Corporation v. Tippett, Tex.Civ.App., 103 S.W.2d 448, was filed, the State of Texas had recovered judgment against "Shell" on July 12, 1933, in a suit filed by the State on February 17, 1933. Thus it is seen that "Shell" was sued long before Art. 5367a became effective and, therefore, when there was no limitation placed upon the right of the State to sue "Shell," or Tippett, or both. So far as the State's rights were concerned, they continued as against "Shell" and Tippett until its claim was paid by one of these parties.

The right of subrogation or indemnity therefore remained alive. But that is not the situation in the case before us. The State of Texas brought its suit against Navarro Oil Company, the lessee, in strict accordance with the provisions of Art. 5367a, the new and amended law, and filed the suit on the last day that such suit could be filed before the suit was barred by a limitation expressly provided for in the law, and the State made no effort to recover from Cross, and its cause of action against Cross was barred when its suit was filed.

The trend of the Texas decisions is to the effect that in such a situation as we have in the instant suit, as between "Navarro" and Cross, Cross is to be held primarily liable, while his lessee, Navarro Oil Company, is to be held only secondarily liable.

█ Then, under the very theory of indemnity, namely, that he who is liable secondarily may require indemnity of him who is liable primarily, when the person secondarily liable has discharged the obligation, "Navarro" cannot recover from Cross. Why? Because Cross was not liable to the State of Texas on the obligation, when the State sued "Navarro." His liability had been discharged by the limitation provisions of the Statute under which "Navarro" was sued.

The State of Texas, acting by its officers, "ascertained and determined" that the debt was "Navarro's" and proceeded to enforce that liability as it had a right to do.

It appears clear to us that Navarro Oil Company has only discharged an obligation that it alone owed the State of Texas on August 30, 1938, and in no sense can it be said that it has paid an obligation that Cross owed the State.

Therefore, Navarro Oil Company has no right of indemnity against Cross.

█ We cannot uphold the trial court on the theory that the lease contract is ambiguous and that extraneous evidence should be admitted to show the intention of the parties. The Supreme Court has definitely held to the contrary: Cross v. Shell Oil Co., 188 S.W.2d 375.

The trial court, in our opinion, has rendered a proper judgment but upon the wrong theory; therefore, the judgment of the trial court will be by us reformed and affirmed.

The judgment of the trial court is hereby reformed by striking out that portion of the judgment beginning with the words: "the court is of the opinion and finds that the oil and gas lease executed by the defendant in favor of the plaintiff, when construed in connection with the Relinquishment Act, is fairly susceptible of two constructions or interpretations." and continuing on down through the judgment to and including the following words: "and the court is therefore of the opinion that plaintiff is not entitled to recover from the defendant";

and as so reformed the judgment of the trial court denying appellant Navarro Oil Company recovery against John T. Cross, appellee, is affirmed.