# APRIL, 1947

NAVARRO OIL COMPANY V. JOHN T. CROSS.

No. A-763. Decided May 29, 1946.
Rehearing overruled March 14, 1947.
Second rehearing overruled April 9, 1947.
(200 S. W., 2d Series, 616.)

*Robert S. Durango,* of Houston, and *John T. Gano,* of Fort Worth, for petitioners.

The Navarro Oil Company having been required, in a suit by the State, to pay the State for one-half of the bonus money paid by Navarro to Cross, it was error for the Court of Civil Appeals to hold that Navarro could not recover, under the terms of the Relinquishment act, said amount from Cross. Allison v. Stanolind O. & G. Co., 133 Texas 540, 129 S. W. (2d) 267; Empire

Gas & Fuel Co. v. State, 121 Texas 138, 47 S. W. (2d) 265; Shell Oil Co. v. Lutz, 155 S. W. (2d) 392.

*Oliver W. Fannin,* for Fort Worth, for respondent.

The recitals in the oil and gas lease that Cross and wife executed same in consideration of the sum of $12,000.00 were mere recitals of consideration and not contractual in nature, and parol evidence was admissible to ascertain the real consideration for the lease, and the obligation to pay any additional part required by the State, rested upon Navarro. Walker v. Garland, 235 S. W. 1078; Taylor v. Merrill, 64 Texas 494; Johnson v. Elmen, 94 Texas 168, 86 Am. St. Rep. 845, 52 L. R. A. 162, 59 S. W. 253.

MR. JUSTICE SIMPSON delivered the opinion of the Court.

Acting for himself and as agent of the State, John T. Cross, the owner of a tract of mineral classified land in Winkler County which the State had sold with a mineral reservation, made Navarro Oil Company an oil and gas lease February 8, 1928. As part of the consideration the lease recited a cash bonus of $12,-000.00, which Navarro paid Cross shortly after the lease was made. On August 31, 1938, the State filed suit against Navarro for $6,000.00 as its one-half of the bonus for the lease. Arts. 5367-5379, R. S. (Relinquishment Act) ; Greene v. Robison, 117 Texas 516, 8 S. W. (2d) 655; Empire Gas & Fuel Co. v. State, 121 Texas 138, 47 S. W. (2d) 265. Judgment was rendered for the State against Navarro for this sum November 7, 1938, and Navarro paid off the judgment ten days later. The record shows that there had been a compliance with the provisions of Article 5367a, Vernon's Texas Civil Statutes, as to an ascertainment of the indebtedness and a demand on Navarro for its payment. The State sued Navarro within the limitation period prescribed by the statute. But as to Cross, there had never been any demand on behalf of the State, nor was suit ever filed by the State against Cross growing out of this transaction.

After satifying the State's judgment, Navarro demanded of Cross repayment of the $6,000.00 it had paid the State. Cross denied liability, and on July 12, 1939, Navarro brought this suit against him for the $6,000.00. A general demurrer to the petition was sustained by the trial court, and upon Navarro's declining to amend, the suit was dismissed. That order was affirmed by the Court of Civil Appeals (150 S. W. (2d) 117), but was reversed by this court and the cause remanded to the district court.

139 Texas 272, 162 S. W. (2d) 677. Following the remand the district court, after trial without a jury, entered judgment against Navarro, basing its order on the effect of certain oral evidence we will later notice, the admissibility of which is one of the questions to be decided here. Upon a second appeal this evidence was held inadmissible by the Court of Civil Appeals, but it concluded none of the grounds of relief pleaded by Navarro was tenable and affirmed the trial court's judgment. 190 S. W. (2d) 413.

■■ The lease from Cross to Navarro was executed and the bonus money paid about four months before the decision of the Supreme Court in Greene v. Robison, cited above, and at a time when some uncertainty existed as to what portion of the bonus money and delay rentals the State was entitled to receive for oil and gas leases executed by purchasers from the State, and their successors in title, on mineral classified public lands. Greene v. Robison and subsequently Empire Gas & Fuel Co. v. State settled this uncertainty and announced the right of the State under the Relinquishment Act to receive one-half of the bonus and one-half of the rentals in excess of a certain minimum. The Empire Gas & Fuel case is also authority for the holding that in instances where the entire lease bonus has been paid to the landowner, both he and his lessee are jointly and severally liable to the State for one-half of the amount so paid. Where all the bonus is paid to the landowner, he is primarily liable to the State for its share, and the lessee is secondarily liable. Shell Petroleum Corp. v. Tippett (Tex. Civ. App.), 103 S. W. (2d) 448 (error refused). Accordingly, the liability to the State under the facts now before us was primarily that of Cross and secondarily that of Navarro.

■ With the parties so situated, the Court of Civil Appeals rejected Navarro's assertion that it was entitled to call on Cross for indemnity as to the $6,000.00 indebtedness it had paid the State—a debt which indubitably was primarily the obligation of Cross—and sustained his contention that since limitation had run against the prosecution of the State's claim against Cross, he was absolutely discharged, although the bar of the statute had not intervened as to the State's claim against Navarro when this suit was filed.

The view thus taken by the Court of Civil Appeals appears to us contrary to the rule announced in Faires v. Cockerell, 88 Texas 428, 31 S. W. 190, 639, 28 L. R. A. 528, and developed in Willis & Bro. v. Chowning, 90 Texas 617, 40 S. W. 395, 59 Am.

St. Rep. 842, and Darrow v. Summerhill, 24 Texas Civ. App. 208, 58 S. W. 158. In Faires v. Cockerell the court said:

"If at the time the payment is made the surety making such payment is himself legally bound to pay the debt, he may recover from the principal debtor or cosurety, although at the time the payment was made by him the principal or cosurety was discharged from the debt by limitation." 88 Texas 428, 434, 31 S. W. 190, 193.

The principle announced in these cases was recognized in Duffey v. Cross (Tex. Civ. App.), 175 S. W. (2d) 637, 641 (error refused, want of merit), very much the same kind of case as the one at bar, in the following language:

"The respective rights of Duffey and Cross, as they then existed, were not attempted to be abridged by Art. 5367a; nor could they have been so abridged. We assume, therefore, that the continuing right inhered in Duffey to pay the State the debt he owed it, and that upon such payment his right of indemnity against Cross would at once have accrued. Nor would his debt to Duffey have been affected by the subsequent accrual in favor of Cross of the limitation provision of the Act."

It cannot be properly contended that the State could not proceed in this suit against Navarro alone. Either Navarro or Cross or both might have been sued, their liability being both joint and several. It is true, as Cross contends, that he could have successfully resisted the prosecution of an action by the State because of the absence of the statutorily required demand upon him by the Commissioner of the General Land Office and the intervention of the five-year limitation period provided in Article 5367a. But as to Navarro, due ascertainment and demand had been seasonably made and the State had filed suit before the running of the five-year limitation period. Accordingly, under the undisputed facts the State was entitled to a judgment against Navarro for the State's one-half of the bonus money Cross had collected. Under the authorities we have cited and upon principle, Navarro clearly had no claim against Cross until it had been obliged to pay the debt for which it was only secondarily liable, and limitation would not begin to run against Navarro's assertion of a claim against Cross until this payment had been made. But immediately after paying the State, and not before, Navarro's right to proceed against Cross, the party primarily liable, matured. And it was no obstacle to Navarro's so proceeding that a bar of limitation had theretofore arisen against the prosecution of a claim by the State against Cross.

■  In his argument Cross recognizes the rule laid down in Faires v. Cockerell and the case like it. But he seeks to invoke the principle applied by the Court of Civil Appeals in Duffey v. Cross, cited above, where Cross, who was primarily liable, was not required to indemnify Duffey, who was secondarily liable, because Duffey had failed to plead an available defense against a claim sued upon by the State, namely, the defense that there had been no ascertainment and demand as to Duffey by the Commissioner of the General Land Office respecting certain bonus money the State claimed Duffey had paid Cross, one-half of which the State sought to recover. Duffey, having failed to interpose this defense, which the court properly held would have been a good one, was not permitted to require Cross to indemnify him.

In the present case, and in the same connection, Cross argues: "Therefore, before the State had an institutable suit or maintainable cause of action against the Navarro it was incumbent upon the Land Commissioner to comply with the mandatory provisions of Article 5367a and make a demand upon both the lessee and the lessor." As has been observed, there had been due ascertainment and demand under the statute as to Navarro's indebtedness, but no demand had been made upon Cross. We perceive nothing in this statute which would require the State, in a suit brought severally against Navarro, to do more than establish its case against that defendant alone. As we have pointed out, it is well established that the liability of Navarro and Cross to the State was not only joint but was also several. This principle of several liability would be substantially abridged if the State were obliged to plead and prove not only the several liability of Navarro but also the joint liability of that company and Cross. It was sufficient for the State to show a timely ascertainment and demand as to the Navarro alone.

■  Moreover, the sufficiency of Navarro's petition to state a cause of action against Cross was directly at issue in the former appeal of this cause. The holding them made that the petition did state a cause of action in effect settles against Cross his contention that ascertainment and demand against himself as well as against Navarro was a condition precedent to the bringing of the State's suit against Navarro and that the company, having failed to urge this matter in bar of the State's claim, had lost its right to call upon Cross for indemnity.

■  Cross also urges that the State's petition in its suit against Navarro was subject to a general demurrer in that there was no

allegation of a proper ascertainment and demand upon Navarro by the Commissioner of the General Land Office. Navarro did interpose a general demurrer to the State's petition (Rule 90, Texas Rules of Civil Procedure, abolishing the general demurrer had not then been promulgated), and the trial court overruled it. We express no opinion whether this demurrer was erroneously overruled or whether Navarro should have appealed because of the action of the trial court in overruling it. It is sufficient to observe that in fact Navarro had absolutely no defense to the State's claim. Cross and Navarro stipulated that before May 1, 1938, the State through its proper officers "ascertained and determined the amounts of bonus and rental money due the State of Texas and by whom due" as the result of the execution of the oil and gas lease in question, and demanded of Navarro one-half of the $12,000.00 it had paid Cross, which demand Navarro refused. The State filed suit August 30, 1938, more than 90 days after the ascertainment and demand, and immediately before the cause of action was barred by the five-year limitation statute. Accordingly, even had the cause been appealed by Navarro and the lower court's judgment reversed because the State's petition did not allege an ascertainment and demand, it would have been improper to dismiss the suit without allowing the State an opportunity to amend. It is obvious that an amendment averring undisputed facts and supplying the supposed defect in pleading could have been readily drawn. This case differs greatly from the situation in Duffey v. Cross, where Duffay had a defense but failed to plead it, a defense which would have completely defeated the prosecution of the State's claim. Here Navarro in fact had no defense. We conclude there has been no omission or neglect on its part in defending against the State's suit which would deprive it of the rights it asserts here.

Counsel for Cross earnestly insists that the recitation in the lease of a $12,000.00 cash payment amounted to a mere recital only, not contractual in nature, and was subject to being varied by parol so "the real consideration" could be shown. Common Law Rule of Evidence No. 24, vol. 11, Vernon's Tex. Civ. Stat. p. 97. Cross insists that the real consideration was not only the $12,000.00 recited, but also that there was a contemporaneous oral agreement substantially to the effect that Navarro would pay Cross $12,000.00 net to him and "should pay the State any additional amount required to be paid to the State." There was testimony supporting this contention and the trial judge found that the agreement was actually made.

■ The position so taken by Cross would be tenable if the con-

sideration for the lease was a recital of payment and nothing more. But the difficulty he faces is that the lease contains explicit and detailed agreements as to the consideration which go much further than a mere recital of payment. The lease states the consideration as follows:

"Lessors in consideration of the sum of Twelve Thousand Dollars, ($12,000.00), cash in hand paid, and the further consideration of the sum of Ten Thousand Dollars ($10,000.00) to be paid out of one quarter (1/4), of the net oil, if, as, and when produced and saved and not otherwise, from the property herein described. It being distinctly understood and agreed that the Lessee, its heirs or assigns shall not be required to develop said property, pay lease rentals or maintain said lease on account of this future payment other than as may be required in this lease, and of the royalties herein provided and of the agreements of Lessees herein contained, hereby grants, leases, and lets exclusively unto Lessees * * *."

Thus it appears that the stated consideration embraced (1) an acknowledgement of a sum paid; (2) a promise to pay a further sum out of oil if, as, and when produced; (3) certain royalties; and (4) "the agreements of the Lessees herein contained." This very explicit and minute detailing of the consideration must be held to exclude the existence of any other and to call for an application of the familiar rule that a contractual consideration in a conveyance may not be varied by parol.

Cross presents an able collection and discussion of the authorities in this connection. Illustrative of those upon which he relies is Johnson v. Elmen, 94 Texas 168, 59 S. W. 253, where it was held that parol evidence was properly admitted to vary the recital of consideration in a deed which stated the consideration to be $700.00 and the exchange of other property. The court held that parol evidence was admissible to show that at the time of the execution of the deed it was agreed between the parties that the grantee assumed the payment of the notes which were a charge on the premises. But it is significant that the court took care to observe:

"* * * Again, the recitals may be so explicit as not only to show all the stipulations on part of the grantee but also to exclude the existence of any other. In other words, the conveyance, with its recitals, may be such as to make it apparent upon its face that it contains all the terms of the contract between the parties." 94 Texas 168, 173, 59 S. W. 253, 254.

The principle last quoted is one that has frequently been applied in this and other jurisdictions. Belcher v. Mulhall & Scaling, 57 Texas 17; Coverdill v. Seymour, 94 Texas 1, 57 S. W. 37, 635; Weaver v. City of Gainesville, 1 Tex. Civ. App. 286, 21 S. W. 317; Halsey v. Minnesota-South Carolina Land and Timber Co., 174 So. Car. 97, 177 S. E. 29, 100 A. L. R. I, and note beginning at 100 A. L. R. 17; McCormick and Ray, Texas Law of Evidence, sec. 730 (b). We conclude we must apply it here and that oral evidence was not admissible to vary the consideration recited in the lease.

Cross complains because he has lost the deferred payment privileges accorded under certain circumstances by Section 2 of Article 5367a. Under this section, when the Commissioner of the General Land Office has ascertained that an indebtedness is due the State in connection with payments of rentals or bonus money under the Relinquishment Act, the debtor may submit to the Commissioner an affidavit of inability to pay in cash the sum due. If the Commissioner makes a finding that the affidavit "speaks the truth," the debtor may pay the State in interest-bearing installments through a period of 20 years. The right given by this statute obviously arises solely because of the legislation. These statutorily conferred privileges could be neither limited nor defeated by the Navarro. It was within the exclusive control of the Commissioner and Cross to settle the maturity of any indebtedness Cross might owe the State. And if he has lost the right to pay in installments as the statute allows, his loss can in no sense be attributed to any action which Navarro took or failed to take.

We conclude the trial court should have rendered judgment against Cross as prayed in Navarro's petition. The judgments of the Court of Civil Appeals and the district court are reversed and judgment is rendered in favor of petitioner.

Opinion delivered May 29, 1946.

### ON MOTION FOR REHEARING.

■ On motion for rehearing Cross raises for the first time here the point that he is entitled to have the oil and gas lease in question reformed because of a mutual mistake of the parties, who, Cross contends, agreed that Cross should receive from Navarro a bonus of $12,000.00 in cash net to him, and if anything were due the State because of the execution and delivery of the

lease, Navarro and not Cross should pay it; that if the language of the lease did not so provide, it was because of a mutual mistake of the parties in undertaking to reduce their agreement to writing. The writer takes the view that the pleadings and proof raised this issue but that the trial court's findings of facts were not complete enough to entitle Cross to a judgment, and, accordingly, the cause should be remanded to the district court for further proceedings. However, a majority of the court has concluded that the evidence is as a matter of law insufficient to warrant judgment in favor of Cross upon his claim of mutual mistake. Accordingly, this point is overruled.

The motion for rehearing urged by Cross and the motion to reform this court's judgment presented by Navarro have been fully considered and are overruled.

Opinion delivered March 12, 1947.

Second rehearing overruled April 9, 1947.