Doyce Ray WADDELL et al., Appellants,

v.

EMPIRE DRILLING COMPANY et al., Appellees.

No. 3688.

Court of Civil Appeals of Texas.

Eastland.

May 18, 1962.

Rehearing Denied June 15, 1962.

Garland Casebier, Frank Ashby, Midland, for appellants.

Pat Beene, County Atty., Bonham, Perkins, Bezoni, Kirwan & McWhorter, Midland, for appellees.

COLLINGS, Justice.

Doyce Ray Waddell and Jimmy Carroll Waddell brought suit against Empire Drilling Company and Milhoan Drilling Company to recover the value of water alleged to have been taken by defendants from ponds on plaintiffs' land. The defendant drilling companies impleaded Frank Miller and Don Cox, tenants under a grazing lease from plaintiffs, as third party defendants. Defendants alleged that said third party defendants had represented they were the owners of the land from which the water was taken and had the right to sell said water; that defendants agreed to and did purchase from Cox and Miller water from said land for the purpose of drilling certain oil wells. Milhoan Drilling Company alleged that after it had purchased from said third party defendants water needed to drill one oil well, it needed additional water to drill another well; that it learned that Miller and Cox were tenants of plaintiffs and that plaintiffs were claiming that their tenants had no right to sell water from ponds on said land; that defendant Milhoan Drilling Company, thereupon, entered into a written agreement with Frank Miller that it would purchase from him water from said land to drill another specified oil well and would pay therefor the sum of $2,000.00, but if it should be determined that Miller did not have the right to sell such water, then he would refund the money received by him or pay it to the party or parties who were the rightful owners of the water and did have the right to sell same. The defendant drilling companies asserted that if there was any liability on their part to plaintiffs for taking such water then Miller and Cox should be held liable for the damages and required to pay same. Miller and Cox answered by general denial.

The trial was before a jury and based upon its answers to special issues finding the value of the water used in drilling the oil wells, judgment was entered for plaintiffs Doyce Ray Waddell and Jimmy Carroll Waddell against the defendant Empire Drilling Company for the sum of $946.00 and against Milhoan Drilling Company for the sum of $1,892.00. It was also decreed that the defendant drilling companies take nothing against the third party defendants Miller and Cox. This portion of the judgment was apparently based partly upon findings of the jury which were taken to mean that the amounts paid to Miller and Cox by the drilling companies were for damages to their grass lease. Plaintiffs, Doyce Ray Waddell and James Carroll Waddell and defendants, Empire Drilling Company and Milhoan Drilling Company have appealed.

Appellants Doyce Ray Waddell and Jimmy Carroll Waddell present points in which it is urged that the court erred in overruling their motion for an instructed verdict, erred in overruling their motion for judgment non obstante veredicto, and erred in refusing to render judgment in their favor against Empire Drilling Company for $2,000.00 and against Milhoan Drilling Company for $4,000.00. These points are overruled.

■ The Waddells first contend that the prior judgment and opinion in Cause No. 3516 on the docket of this court, 356 S.W.2d 500, styled Waddell et al, relators v. Williams et ai, respondents, involves the same

matters here under consideration and is "the law of the case" and that the Waddells are, therefore, entitled to judgment against the drilling companies in the said sums of $2,000.00 and $4,000.00. We cannot agree with this contention. There is a material difference in the issues involved in this record and those involved in Cause No. 3516. In both cases it is undisputed that the Waddells are owners of the land involved which was mostly grazing land but included some cultivated land; that the Waddells executed a lease to Miller and Cox which provided that the grazing land should be used "for grazing purposes only"; that the term of the lease was for two years beginning January 1, 1957, and that the lessees had previously held a five year lease on the land. It is also undisputed that both drilling companies took water from the leased land for the purpose of drilling oil wells and that the Empire Drilling Company, which drilled one oil well, paid Miller and Cox $2,000.00 and Milhoan Drilling Company, which drilled two oil wells, paid them $4,000.00. The Waddells' suit against the drilling companies was to recover the value of the water so taken from the land. The drilling companies make no contention that the Waddells were not entitled to recover from them the value of the water taken. In Cause No. 3516 the only issue was whether the court should enter a judgment, and there was no dispute as to the value of the water. In the instant case, however, there is a conflict in the testimony concerning the value of the water and the facts are not substantially the same as in the previous case. The holding in that case is not therefore the law of the case, and does not determine the disposition of this one. 3–B Tex.Jur. 782, 783.

■ The Waddells further contend, in effect, that the payments by the drilling companies to Miller and Cox were for sales of water, and that such fact considered in connection with all the other evidence of probative value conclusively shows the value of the water taken to be identical with the payments made to their tenants. There was evidence to the effect that the value of the water was identical with the amount of the payments to Miller and Cox. In our opinion, however, this evidence is not conclusive. Mr. Cox testified, in effect, that the value of the water used for drilling an oil well in that vicinity was $100.00 per well; that the additional money received by him and Miller in connection with the drilling of each of the oil wells in question was for damage to the grazing lease. Miller also testified, in effect, that the payments by the drilling companies to him and Cox were for "damages and water." It therefore appears that there is a conflict in the testimony concerning the question of whether the payments to Miller and Cox covered the sale of water only, or covered both the sale of water and damages to the grazing lease, and a conflict concerning the value of the water taken. The jury found that the value of the water used in drilling each of the three oil wells in question was $946.00. We overrule appellants' contention that there is no competent evidence in the record to support the verdict.

We overrule appellants' point in which it is contended that the court erred in admitting the testimony of the witness Don Cox pertaining to the value of the water. The witness testified that he knew, or thought he knew, the value of the water taken and that in his opinion such value was $100.00 per well. This constituted some evidence that the named amount was the value of the water taken, in spite of the fact that the witness had previously admitted that he did not know "of his own knowledge the value of water in the community." Contrary to the contention of the Waddells, the court did not err in refusing to render judgment against Empire Drilling Company for $2,000.00 and against Milhoan Drilling Company for $4,000.00.

One of the points urged by appellants, Empire Drilling Company and Milhoan

Drilling Company, is that the court erred in not granting them judgment against third party defendants, Miller and Cox, for the amount of the judgment entered for the Waddells against said appellant drilling companies. This point is well taken.

The jury found that, "Frank Miller and Don Cox were collecting damages to their grass lease when negotiating with the defendants, Milhoan Drilling Company and Empire Drilling Company." Assuming, although it is not entirely clear, that this constituted a finding that the payments by the drilling companies to Miller and Cox covered only damages to their grass lease, and did not cover the sale of any water, we are of the opinion that the evidence does not support the finding. On the contrary, we hold that the evidence is conclusive that the payments by the drilling companies to Miller and Cox included payments for the sale of water. Both Miller and Cox so testified and there is no evidence to the contrary. There was evidence to the effect that the total amount of the payments by the drilling companies was for the sale of water, but no evidence that the payments covered damages only. Cox stated that the value of the water used was $100.00 per well and that the additional amount of the payments was for damages. Miller stated that the payments were for "damages and water." The evidence is therefore conclusive that Cox and Miller sold water from the land in question and were paid therefor by appellant drilling companies.

The lease of the land to Miller and Cox by the Waddells was for grazing and agricultural purposes only. The lease gave to the lessees no right to the use or possession of the land for any other purpose. The right to use any water "in excess of the needs" for the farm and ranch operation under the lease belonged to the Waddells, the owners of the land, and did not

pass to Miller and Cox. Dellwo v. Edwards, 73 Or. 316, 144 P. 441; Mohawk Drilling Co. v. Wolf, (Sup.Ct. of Okl.), 262 P.2d 892. Since Miller and Cox had no right to sell the water but did sell it to appellant drilling companies, they were jointly and severally liable for its value. Cox and Miller were primarily liable for the value of the water and the drilling companies were secondarily liable. Navarro Oil Co. v. Cross, 145 Tex. 562, 200 S.W. 2d 616.

The pleadings and motion for judgment of Empire Drilling Company and Milhoan Drilling Company was that if any judgment be rendered for the Waddells against them that the court should then enter judgment for them against Miller and Cox for the same amount. We sustain their contention that the court erred in not granting judgment for them against Miller and Cox for the amount of the Waddell judgment. Shell Petroleum Corporation v. Tippett, Tex.Civ.App., 103 S.W.2d 448, (Writ Ref.). The contract by which it was agreed that if it should be determined that Miller and Cox did not have the right to sell the water they would refund the payment therefor or pay the parties who had the right thereto, was a still further reason why Milhoan Drilling Company was entitled to recover from Cox and Miller as prayed in their pleadings and motion for judgment.

For the reasons stated we overrule all points urged by the Waddells and affirm the judgment of the trial court granting them recovery against Empire Drilling Company for $946.00, and against Milhoan Drilling Company for $1,892.00. That portion of the judgment denying Empire Drilling Company and Milhoan Drilling Company any relief against Miller and Cox is reversed and judgment is here rendered in favor of the drilling companies against Miller and Cox for the amount of the judgment for the Waddells against them.