**David KANE, Appellant,**

v.

**UNION STATE BANK et al., Appellees.**

No. 3930.

Court of Civil Appeals of Texas.

Eastland.

Nov. 20, 1964.

Rehearing Denied Dec. 11, 1964.

Levey & Goldstein, San Antonio, for appellant.

Clemens, Knight, Weiss & Spencer, Randle Taylor, Richard Tinsman, San Antonio, for appellees.

GRISSOM, Chief Justice.

Union State Bank sued Bell Construction Company, its partners and David Kane on promissory notes executed by them to the bank. Kane answered that the bank represented it had a "valid" assignment of Bell's contract with San Antonio but that said assignment was invalid. He alleged the bank was negligent in accepting an invalid assignment and representing to Kane that it was valid; that said representation was material and he relied thereon; that if the bank had not been negligent in accepting an invalid assignment payment would have been made to the bank by San Antonio and Kane would not have had to pay the notes sued upon.

Aetna Insurance Company also sued Kane to recover on an indemnity contract the loss it sustained as a surety on Bell's bonds. It alleged that Kane and the Bells executed and delivered to it a general contract of indemnity agreeing to indemnify Aetna against all losses it sustained as a surety for Bell.

It was undisputed that Kane executed jointly with the Bells the notes sued upon by the bank. The amount of the unpaid balance was also undisputed. It was undis-

puted that Kane executed with the Bells the contract of indemnity sued upon by Aetna. The amount of Aetna's loss as a surety for Bell was also undisputed.

After the close of the evidence Aetna filed a motion for an instructed verdict. It alleged that the evidence conclusively established that Kane executed the general contract of indemnity and Aetna sustained a loss of $54,730.61 as surety for Bell; that there was no competent evidence that the indemnity contract was to be effective only in the event Aetna executed a surety bond for Bell "covering a construction job at Fort Sam Houston," as alleged by Kane, because such an agreement violated the parol evidence rule and that there was no evidence that such an agreement was authorized by Aetna; that the evidence established as a matter of law that the unambiguous terms of the written general contract of indemnity executed and delivered by Kane to Aetna covered its loss and there was no competent evidence to vary its terms. The bank filed a motion for an instructed verdict alleging there was no evidence of fraud and that all of Kane's evidence relative to an alleged oral agreement varied the terms and conditions of the unambiguous written promissory notes sued upon, was incompetent, without probative force, and ineffective to change the tenor of the contracts sued upon. It moved to strike all of such testimony. That motion was sustained. The court sustained both motions for instructed verdicts, instructed the jury to render a verdict for the insurance company and the bank, which it did, and rendered judgment accordingly.

In the Bank's case, Kane requested the court to submit issues inquiring whether (1) the bank represented to Kane that the notes were secured by a valid assignment of Bell's contract with San Antonio; (2) such representation was material; (3) Kane relied upon it; (4) such representation was intended to induce Kane to execute the notes; (5) the representation was true; (6) the bank represented to Kane that all amounts due Bell by San Antonio would be paid by San Antonio to the bank; (7) the failure of the bank to require the city to make all payments due Bell to the bank was negligence and (8) a proximate cause of non-payment of the notes. In Aetna Insurance Company's suit, Kane asked the court to submit to the jury whether (9) Kane signed and delivered the contract of indemnity upon the oral condition that it would not be effective unless Aetna executed a particular bond securing a construction project at Fort Sam Houston. The court refused to submit any of said requested issues, sustained the motions for instructed verdicts, rendered judgment for the bank for the unpaid balance of the notes and for Aetna for the amount of its loss as a surety for Bell. Only Kane has appealed.

With reference to the judgment for the bank, Kane's points are that (1) since he alleged and introduced evidence that the bank represented that the notes were secured by a valid assignment of Bell's contract with San Antonio; that said assignment was not valid and that said representation was material and relied upon by him, said issues should have been submitted and the court erred in instructing a verdict for the bank; (2) that since Kane alleged and introduced evidence that the bank was negligent in not requiring San Antonio to make payments due Bell to said bank and that such negligence was a proximate cause of the failure to collect the notes, the court erred in failing to submit such issues to the jury.

Pertinent to the judgment for Aetna Insurance Company, Kane's points are (3) that, since he alleged and introduced evidence that he executed the indemnity contract upon condition that Aetna issue a surety bond "covering a construction job at Fort Sam Houston" and that such a bond was not issued, the court erred in refusing to submit such issues; (4) that, since Kane alleged and introduced evidence that he executed the indemnity contract in consideration of Aetna's agreement to issue a surety bond "for a construction job at Fort Sam Houston" and that such a bond was not ex-

ecuted, there was failure of consideration and the court erred in failing to submit such issues to the jury.

We shall first consider Kane's complaint of the judgment in favor of Aetna. Aetna's suit against Kane was based upon an unambiguous written general contract of indemnity, executed and delivered by Kane to Aetna, wherein Kane agreed to indemnify Aetna against all losses it sustained as a surety on all bonds it executed for Bell until it was cancelled in accordance with its terms. It was undisputed that Aetna sustained a loss of $54,730.61 as a surety on Bell's bonds. The general contract of indemnity sued on by Aetna contained the following provisions:

"WHEREAS, certain bonds * * * have heretofore been, and may hereafter be, required by, * * * any one or more of the parties included in the designation Indemnitor(s) * * *, and application has been made and may hereafter be made to the Company to execute such instruments as surety. * * *

"FIRST: That they will at all times indemnify * * * the Company * * * against any and all * * * loss * *, which it shall or may at any time sustain or incur by reason or in consequence of its suretyship. * * *

"TWELFTH: Any of the Indemnitor(s) may by written notice to the Home Office of the Company at Hartford, Connecticut, terminate their liability as to bonds, * * * executed by the Company subsequent to ten days after the receipt of such notice by the Company. It being understood and agreed that such notice of termination shall in no way modify, bar or discharge any obligations of the Indemnitor(s) to be performed under this agreement in connection with bonds executed by the Company prior to the effective date of the said notice of termination."

Immediately above appellant's signature in bold print there were the following provisions:

"The undersigned Indemnitor(s) fully appreciate that this agreement is intended to cover whatever bonds (whether or not covered by any application signed by any one or more of the Indemnitors * * * such application to be considered between the parties hereto as merely supplementary to this General Contract of Indemnity) may be executed by the Company on behalf of the undersigned Indemnitors, or any one of them, from time to time, and over an indefinite period of years, until this agreement shall be cancelled in accordance with the terms hereof.

"We have read this indemnity agreement carefully. There are no separate agreements or understandings which in any way lessen our obligations as above set forth."

Kane's alleged defense was that he executed and delivered to Aetna said indemnity contract upon the oral condition that it was to be effective only in the event Aetna executed a surety bond for Bell "covering a construction job at Fort Sam Houston"; that such a bond was not executed and, therefore, said contract never became effective. Fraud was neither alleged nor proved. Kane introduced evidence tending to support the defense he did allege. However, at the conclusion of the evidence, the court held that such testimony violated the parol evidence rule, instructed the jury to return a verdict for Aetna for its loss, in accordance with the indemnity contract, and rendered judgment accordingly. Said unambiguous written general contract of indemnity, executed and delivered by Kane to Aetna recited that it was intended to cover all bonds executed by Aetna as a surety for Bell until it was cancelled in accordance with its terms. It recited that there were "no separate agreements or understandings which

in any way lessen our obligations as above set forth." The indemnity contract expressly provided the conditions concerning future bonds under which it would be operative; evidence of an alleged parol agreement that it was to cover only one particular bond is contrary to its provisions. The parol agreement asserted by Kane is contrary to the purpose and intention of the parties as stated in the indemnity contract and directly contrary to the agreement therein that all bonds executed by Aetna as a surety for Bell would be covered until the indemnity contract was cancelled in accordance with its terms. The applicable rule is stated in 23 Tex.Jur.2d 500 as follows:

"As a general rule, in the absence of fraud, accident, or mistake, extrinsic evidence is inadmissible to vary, add to, or contradict the terms of a valid written instrument that on its face is complete and unambiguous. In other words, unless a writing on its face rebuts in some manner the presumption that it is complete, inconsistent extrinsic evidence, either oral or written, is inadmissible to vary or add to the terms of the instrument. For example, if a written contract is complete on its face, and there are no allegations of fraud, accident, or mistake, parol evidence is not admissible to show that the terms and legal effect of the agreement are not in accordance with the prior understanding of the parties. In brief, the extrinsic evidence rule ordinarily requires the exclusion of parol evidence of prior or contemporaneous negotiations, conversations, representations, or statements that would add to or vary the terms of written agreements that are clear on their face."

Our Supreme Court in Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515, 516, said:

" * * * the rule is that parol evidence cannot be received to establish any oral condition relating to the contract if the condition is inconsistent with the terms of the written instrument. 32 C.J.S. Evidence, § 935, p. 859. In other words, 'An oral condition that is repugnant to the conditions stated in the writing, or is offered in substitution for it, is inadmissible.' Williston on Contracts, Rev.Ed., Vol. 3, Sec. 634, p. 1825."

It is apparent that Kane contends the indemnity contract was intended to be effective, but for only one particular construction job, not that there was a conditional delivery or a condition precedent. He simply says that the express provision of the written contract that it was to cover all bonds executed by Aetna for Bell until it was cancelled in accordance with its terms was not the true agreement. This is a clear attempt to violate the parol evidence rule. The written contract and the alleged parol agreement are completely inconsistent and cannot both exist. The written contract of indemnity provided that it was intended to cover all bonds executed by Aetna for Bell until it was cancelled in accordance with its terms. The alleged parol agreement was that it was not to cover all bonds executed by Aetna for Bell until cancelled in accordance with its terms, but that it was intended to cover only Bell's bond for "a construction job at Fort Sam Houston" and, if that job did not materialize, the indemnity contract would be cancelled. Kane's pleaded theory of conditional delivery or condition precedent, was refuted by his version of the parol agreement. The asserted parol agreement is contrary to the express terms of the written contract. Evidence thereof was prohibited by the parol evidence rule. It could not have supported Kane's defense, even if admitted without objection and not stricken. Kane's contention amounts simply to a claim that he is not liable according to the express terms of the instrument sued upon. The court correctly held that the alleged parol agreement was contrary to the express provisions of the written contract and inadmissible. Under the express terms of the indemnity contract the con-

**362**

sideration for its execution was the "execution, from time to time of bonds—under this general contract of indemnity" and parol evidence was inadmissible to vary such recited contractual consideration. Commercial Credit Corporation v. Sorgel, 5 Cir., 274 F.2d 449, 453; Frank L. Smith Tire Store et al. v. Firestone Tire & Rubber Company, Tex.Civ.App., 68 S.W.2d 577 (WR); Earp v. First State Bank of Abilene, Tex.Civ.App., 356 S.W.2d 178 (Ref. n. r. e.); Bowden v. Partners' Finance, Tex.Civ.App., 278 S.W.2d 866; Bonner Oil Co. v. Gaines, 108 Tex. 232, 191 S.W. 552; Johnson v. Johnson, Tex. Com.App., 14 S.W.2d 805; Navarro Oil Co. v. Cross, 145 Tex. 562, 200 S.W.2d 616; 23 Tex.Jur.2d 551. The judgment in favor of Aetna Insurance Company is affirmed.

█ Union State Bank's counterpoints are that Kane's testimony that he signed the notes as a joint maker with the Bells because the bank assured him there was a "valid" assignment and there would be no personal liability is (1) an attempt to assert a conditional endorsement and, if true, not admissible under the parol evidence rule, and (2) that there is no evidence of active negligence of the bank. The bank says that loss of security resulting from inaction or negligence by the holder of a secured note does not discharge a cosigner from liability to the holder. We sustain the bank's counterpoints. Kane's testimony was an attempt to vary the terms of the unambiguous written notes sued upon by parol evidence that his endorsement was to be effective only in the event the assignment was legally valid. The bank's contention was in effect sustained in Henslee v. First National Bank of Whitewright, Tex.Civ.App., 314 S.W.2d 881 and Dean v. Allied Oil Company, Tex.Civ. App., 261 S.W.2d 900. Fraud was neither alleged nor proved. Kane's unconditional contract to pay the notes according to their terms cannot be contradicted by evidence of an oral agreement to the contrary. Robertson v. City National Bank,

Tex.Com.App., 120 Tex. 226, 36 S.W.2d 481; Pope v. Mergenthaler Linotype Co., Tex.Civ.App., 131 S.W.2d 668 (WR). The court did not err in rendering judgment for the bank.

The judgment is affirmed.