**LUFKIN NURSING HOME, INC.,**
Appellant,

v.

**COLONIAL INVESTMENT CORPORATION,**
Appellee.

**No. 8332.**

Court of Civil Appeals of Texas,
Amarillo.

Feb. 12, 1973.

Rehearing Denied March 12, 1973.

B. L. Collins, Lufkin, for appellant.

J. R. Blumrosen, Lubbock, for appellee.

REYNOLDS, Justice.

The maker of a promissory note has appealed from a summary judgment decreeing liability thereon to the assignee-owner of the note. Modified and affirmed.

Appellant Lufkin Nursing Home, Inc., executed and delivered its promissory note payable to the order of Jack Goodman. The note, dated the —— day of November, 1965, was in the principal amount of $11,344.00, including interest, payable in twenty-four equal monthly installments of $472.66 each. The first installment was due on November 15, 1965, and succeeding installments became due on the first day of each month thereafter until the note was fully paid. A provisory part of the note stated that a failure to pay any installment when due shall, at the option of the holder, mature the whole note. The note contained a 10% past due principal and interest clause, and a collection fee clause of 15% on principal and interest due and unpaid. The note recited that "(i)t is under-

stood and agreed that this note is executed for certain furniture . . . that title to said furniture shall not pass to Lufkin Nursing Home, Inc. until this note is paid in full, and that until such time Jack Goodman shall continue to be the owner of said furniture . . .."

The first twelve installments were paid, but no payments were made thereafter. Goodman died and after his death, the administrator of Goodman's estate sold and assigned the note to appellee Colonial Investment Corporation. Alleging default in payment of the note, appellee instituted this suit against appellant on January 7, 1971. Appellant interposed a plea of privilege, as well as a plea to the jurisdiction of the trial court, which were overruled by the trial court, its order being affirmed on appeal;[1] a plea of res judicata grounded on a prior suit involving the same parties,[2] also overruled by the trial court's order which has not been challenged in this appeal;[3] and the affirmative defenses of

1. Lufkin Nursing Home, Inc. v. Colonial Investment Corporation, 474 S.W.2d 249 (Tex.Civ.App.—Eastland 1971, writ dism'd).

2. The prior action was Cause No. 53,398 brought in the 99th Judicial District Court of Lubbock County by Colonial Investment Corporation, appellee in the present suit, against the Estate of Jack L. Goodman, deceased; Lufkin Nursing Home, Inc., appellant in the present suit; and National Western Life Insurance Company. The suit was founded on an agreement by which appellee leased to Goodman the same property for which the present suit note was given. The lease agreement stipulated for the sale of the property at the end of the lease term on August 31, 1967, at a price determined by the lease provisions. Furthermore, the lease provided that if Goodman made any assignment of his interest in the leased property during the lease term, appellee could, at its option, require Goodman to purchase the property at a predetermined price. The suit, asserting that rental payments had not been paid as contracted by Goodman and that demand for return of the property had been refused by appellant, alleged conversion of the property and appellee's

entitlement to judgment against Goodman's estate and appellant for the value of the property as determined by the lease agreement; further, the suit sought to establish appellee's title superior to any held by National Western Life Insurance Company by virtue of its mortgage, given by appellant, on the property. The plea of privilege of appellant to be sued in Angelina County was overruled by the trial court, but sustained on appeal. Lufkin Nursing Home, Inc. v. Colonial Investment Corporation, 425 S.W.2d 439 (Tex.Civ.App. —Amarillo 1968, writ dism'd w. o. j.). Subsequently, on December 31, 1970, appellee secured judgment against the Estate of Jack L. Goodman, deceased, for the pleaded value of the property, and dismissed its action against both National Western Life Insurance Company in Lubbock County and Lufkin Nursing Home, Inc., in Angelina County.

3. The appeal referred to in marginal note 2 established that prior proceeding to involve the lease contract, and not the note involved in this present suit, as did the appeal mentioned in marginal note 1 above, and held that the only connection appellant had with that suit was through the allegation of conversion.

want and failure of consideration and the four-year statute of limitation.

Responding to a request for admissions of fact and to written interrogatories, appellant's president admitted the note sued on to be one executed by appellant and delivered to Jack L. Goodman, listed the twelve monthly payments made on the note for the installments due from November, 1965, through October 1, 1966, inclusive, and admitted that appellant has in its possession the personal property " . . . except such thereof which has worn out, . . .." for which the note was given. Appellee moved for summary judgment, further supporting its motion with an affidavit of its ownership of the note and the tender into court of a bill of sale for the property to appellant. Appellant filed its answer to the motion, attaching an affidavit executed by its president. The affidavit included the contract for the purchase of the personal property from Goodman, to whom the note was given, and affiant stated that payments were made on the note until appellant was advised after the death of Goodman early in October, 1966, that appellee was claiming to be the owner of the personal property. It is averred that " . . . because of the failure of Jack Goodman to deliver to it [appellant] a good and merchantable title to the property," appellant " . . . declined to pay any further sums; . . .." The affiant further proclaimed that appellee knew these circumstances in October, 1966, more than four years prior to its purchase of the contract sued on from Goodman's estate on January 5, 1971. Appellant then filed its motion for summary judgment, basing its entitlement to judgment on the want and failure of consideration and the four-year statute of limitation pleaded. To the motion were attached correspondence, pleadings and orders pertaining to the prior litigation over the lease agreement mentioned in marginal note 2.

The trial court heard the summary judgment motions and entered its order granting appellee's motion and denying appellant's motion. In granting appellee's motion, the court rendered judgment for appellee against appellant in the sum of $5,672.08 for the principal due on the note, in the sum of $2,557.40 for accrued interest to May 18, 1972, the date of judgment, and in the sum of $1,234.42 for attorney's fees, a total of $9,463.90, with interest thereon from date of judgment until paid at the rate of 6% per annum, and all costs. Appellant has not disputed the calculation of the amount of the judgment, but presents four points assigning as error the granting of summary judgment to appellee and the failure to grant summary judgment for appellant because of the defenses of want and failure of consideration and the four-year statute of limitation.

When appellee Colonial Investment Corporation moved for summary judgment on the note, with its summary judgment proof showing its ownership of the note executed by appellant Lufkin Nursing Home, Inc., that was due and unpaid in a sum certain, appellee was entitled to judgment, unless appellant had established as a matter of law a defense entitling appellant to summary judgment, Anderson v. Industrial State Bank of Houston, 478 S.W.2d 215, 217 (Tex.Civ.App.— Houston [14th Dist.] 1972, writ ref'd n. r. e.), or unless appellant had come forward with a showing that a disputed fact issue existed upon its affirmative defenses. Gulf, Colorado & Santa Fe Railway Co. v. McBride, 159 Tex. 442, 322 S.W.2d 492, 500 (1958). The defense of want and failure of consideration is predicated on Goodman's alleged fraud in representing that he had title to the personal property that formed the consideration for the note, and Goodman's failure to deliver title to appellant. The consideration appellant received for the note it gave was the personal prop-

Those appeals determined the matter at issue in the prior suit. See Navarro

Oil Co. v. Cross, 145 Tex. 562, 567, 200 S.W.2d 616, 619 (1946).

erty, title to which was not to pass to appellant until the note was fully paid. No complaint is made concerning the kind, quantity or condition of the property appellant accepted, retained and used, and refused to return. Under the terms of his lease contract with appellee, Goodman had the right to purchase the property prior to the time title was contracted to be passed to appellant. The note terms are clear that Goodman did not purport to pass the title to the property to appellant until the note was paid in full, and appellant had no right under the note agreement with Goodman to receive title until the note was paid in full. The note has not been paid in full; nonetheless, appellee has tendered a bill of sale conveying title to appellant. Appellant received all the consideration it contracted to receive when the note was executed, and has been tendered title prior to its payment of the note, the time when appellant had the right to receive title. It follows that appellant did not establish its pleaded defense of want and failure of consideration, or show an issue of disputed fact with respect thereto. Points of error one and three appertaining to the defense are overruled.

Appellant's other affirmative defense was that the four-year statute of limitation, Vernon's Ann.Civ.St. art. 5527, was a bar to appellee's cause of action on the note. This defense is based on the assertion that appellant repudiated its agreement with Goodman in October, 1966, when appellant discovered that appellee was claiming title to the property adverse to Goodman's representations of ownership made when appellant purchased the property. The repudiation was known by appellee in October, 1966, appellant declares, and appellee's cause of action arose at that time, more than four years before appellee purchased the note and brought suit thereon. The contention of repudiation is premised on appellant's declination to make further note payments when appellant discovered that Goodman did not own the property.

■ The repudiation of an agreement must be clear and unequivocal; but, it is not necessary to decide whether appellant's refusal to pay the note installments as they became due constituted notice to appellee of a repudiation. When one party to an agreement has repudiated it, the other party may then accept the agreement as being terminated or consider the repudiation as a breach of contract and bring suit for damages; or, the other party may treat the repudiation as inoperative, awaiting the time when the agreement is to be executed and, after non-performance under the agreement, hold the repudiator responsible for all consequences of such non-performance. Pollack v. Pollack, 39 S.W.2d 853, 857 (Tex.Comm'n App.1931, holding approved). There is no summary judgment evidence that established, or raised a fact issue, that appellee considered appellant's failure to continue note payments as a termination of the note agreement or as a breach of contract, giving rise to its cause of action at that time. Moreover, there is no evidence that appellee exercised its option to mature the whole note when the November 1, 1966 installment was not paid. The filing of appellee's suit is the only indication of appellee's election, and the suit, filed after the note matured, is to hold appellant responsible for the consequences of its nonperformance of payment. On an installment note, the limitation period is computed from the time each installment becomes due because that is the time when action may be brought to recover it. Goldfield v. Kassoff, 470 S.W.2d 216 (Tex.Civ.App.—Houston [14th Dist.] 1971, no writ). Consequently, the four-year statute of limitation is not a bar to the suit; however, the burden was upon appellee to establish that none of the monthly installments was barred by the limitation pleaded. At the

time suit was filed on January 7, 1971, the unpaid installments on the note were the last twelve that became due on the first day of November, 1966, through October, 1967, inclusive. Thus, the three monthly installments becoming due in November and December, 1966, and in January, 1967, in the total sum of $1,417.98, were barred by the four-year statute of limitation pleaded, and it was error to include this sum, together with interest and attorney's fees computed thereon, in the amount of the judgment. Pollack v. Pollack, supra, 39 S.W.2d at 854–855.

The amount of the judgment is a matter of mathematical calculation; therefore, rather than reverse and remand the cause, this court is empowered to, and should, modify the judgment entered to conform to the judgment the trial court should have rendered. Rule 434, Texas Rules of Civil Procedure; Pickens v. Harrison, 151 Tex. 562, 252 S.W.2d 575 (1952). Accordingly, the judgment is modified to provide that appellee Colonial Investment Corporation recover of and from appellant Lufkin Nursing Home, Inc., the principal note amount of $4,254.10, with 10% interest thereon from November 1, 1967, to May 18, 1972, the date of judgment, in the sum of $1,934.64, and 15% of the principal and interest due in the sum of $928.30 as attorney's fees, for a total judgment of $7,117.-04, with interest thereon from the date of judgment at the rate of 6% per annum until paid. Except to the extent that the trial court's judgment is herein modified, appellant did not establish its defense of limitation, or show an existent issue of disputed fact as to that defense, and appellant's corresponding second and fourth points of error are overruled.

The judgment of the trial court is modified as ordered herein, and as modified the judgment is affirmed.