**LUFKIN NURSING HOME, INC.,**
**Appellant,**

v.

**COLONIAL INVESTMENT CORPORATION, Appellee.**

**No. 4510.**

Court of Civil Appeals of Texas,
Eastland.

Nov. 26, 1971.

Rehearing Denied Dec. 17, 1971.

B. L. Collins, Lufkin, for appellant.

J. R. Blumrosen, Lubbock, for appellee.

COLLINGS, Justice.

This suit was instituted by Colonial Investment Corporation in the District Court of Lubbock County against Lufkin Nursing Home, Inc., to recover $11,344 alleged to be due and owing by the defendant upon a promissory note alleged to have been executed by Lufkin Nursing Home, Inc., in November of 1965, said note payable to Jack Goodman or order. The record shows that Jack Goodman died on the fifth day of January 1971 and the note which is the basis of this law suit was assigned by Dean Shuman, administrator of the estate of Jack L. Goodman, deceased, to Colonial Investment Corporation. The defendant, Lufkin Nurisng Home, Inc., filed a plea of privilege and in support thereof urged pleas to the jurisdiction and of res judicata. The plea of privilege was overruled, and the defendant has appealed.

The appellant, Lufkin Nursing Home, Inc., in its plea of privilege to be sued in Angelina County, the place of its residence, and in its plea to the jurisdiction and res judicata alleged the venue in this cause has heretofore been adjudicated and fixed to be in Angelina County in a prior suit filed by Colonial Investment Corporation against Lufkin Nursing Home, Inc., in the 99th Judicial District Court of Lubbock County, asserting that such suit involved the same subject matter as is involved in the instant suit. Appellant further alleged that venue of this cause has heretofore been adjudicated and fixed to be in Angelina County in a prior suit filed by appellant against Colonial Investment Corporation and the estate of Jack Goodman, deceased, in the District Court of Angelina County numbered 13076 on the docket of said court, wherein it was sought to cancel the contract which is the basis of this suit for the reason that the execution of such instrument was procured by the false and fraudulent representations of Jack Goodman that he was the owner of the furniture and fixtures involved, in which action both Colonial Investment Corporation and the estate of Jack Goodman, deceased answered by statutory pleas of privilege, and each of which pleas the District Court of Angelina County overruled and no exception or appeal was taken therefrom.

The record shows that the previous law suit filed by the plaintiff, Colonial Investment Corporation, in the 99th District Court of Lubbock County and the suit filed by appellant in Angelina County concerned entirely different matters to that involved in the instant case, in that, the previous cases involved a lease contract between appellee and Jack Goodman. The record

shows that at no prior time has appellee ever filed a suit involving the promissory note in question, nor has there ever been any suit filed in regard to such note. Thus, although plaintiff and defendant were involved in prior law suits, the subject matter of the prior suits and the instant one are not the same.

 The instrument here sued upon is a promissory note in writing, executed by appellant and by its terms is payable in Lubbock County. Venue therefore lies in Lubbock County under the provisions of subdivision 5 of Article 1995 of Vernon's Texas Annotated Civil Statutes. The note was acquired by appellee on January 5, 1971. Prior to that time the note had been owned by Jack L. Goodman who died. Appellant alleged the filing of two previous law suits in which appellant and appellee were parties. Appellant's contention under its plea of privilege is not well taken because the two prior suits involved separate and distinct matters from that involved in the present suit.

In our opinion the trial court was correct in overruling appellant's plea of privilege.

The judgment is affirmed.