**Judy MURRAY, Petitioner**

v.

**CREST CONSTRUCTION, INC., Respondent.**

No. 95–0184.

Supreme Court of Texas.

June 22, 1995.

Rehearing Overruled July 21, 1995.

---

Robert G. Miller and William C. Ferebee, Houston, for petitioner.

E.M. Schulze, Huntsville, for respondent.

ON APPLICATION FOR WRIT OF ERROR TO
THE COURT OF APPEALS FOR THE
NINTH DISTRICT OF TEXAS

PER CURIAM.

This case involves a contract dispute between James and Judy Murray and Crest

Construction, Inc.[1] Crest hired James Murray as a subcontractor on three projects known as the "Beaumont job," the "Cooper job" and the "Borden job." A dispute arose over Crest's obligation to make weekly rather than monthly payments to Murray. Without weekly payments Murray was unable to continue the projects and walked off all three jobs, leaving the Beaumont job ninety percent complete, the Cooper job thirty-five percent complete and the Borden job sixty-two percent complete. The parties agreed to a settlement on the Beaumont job whereby Murray executed a waiver of lien in exchange for a promissory note from Crest. Crest completed all three jobs and informed Murray that it would not pay the full amount of the promissory note when it came due. Crest claimed that it was entitled to offset the costs of completion of the Cooper and Borden jobs against the principal of the promissory note. After receiving Crest's claims for offset Murray filed a lien against the Beaumont property. Because of the lien filed by Murray, the general contractor on the Beaumont job retained funds owed to Crest in the amount of the lien.

Crest brought a tortious interference action against Murray claiming that Murray interfered with its contract with the general contractor on the Beaumont job. Murray counterclaimed for breach of contract on all three jobs and quantum meruit claims for the value of work performed on the Cooper and Borden jobs. The jury found Crest had breached each of the three contracts, awarding contract damages to Murray on the Beaumont job, but only quantum meruit damages on the Cooper and Borden jobs. The trial court rendered judgment in favor of Murray on all claims. The court of appeals reversed and rendered judgment finding that both parties had breached the Beaumont settlement agreement as a matter of law, that Murray committed tortious interference as a matter of law, and that Murray was not entitled to quantum meruit recovery on the Borden and Cooper jobs. 888 S.W.2d 931. We reverse the judgment of the court of appeals.

■■■ Crest repudiated the Beaumont settlement agreement by informing Murray that it would not perform on the promissory note when its performance became due. *See* RESTATEMENT (SECOND) CONTRACTS § 250 (1979). While the parties may be entitled to offset their competing claims in this proceeding, Crest cannot unilaterally offset its claims against Murray without repudiating the settlement agreement. We have long recognized the rule of anticipatory breach: the repudiation of a contract before the time of performance has arrived amounts to a tender of breach of the entire contract and allows the injured party to immediately pursue an action for damages. *Pollack v. Pollack,* 46 S.W.2d 292, 293 (Tex.Com.App.1932). Once Crest repudiated the Beaumont settlement agreement Murray was under no obligation to honor the waiver of lien. When a claim is released for a promised consideration that is not given, the claimant may treat the release as rescinded and recover on the claim. 12 JAEGAR, WILLISTON ON CONTRACTS § 1457, at 49 (3d ed. 1970). Crest's breach gave Murray an election of remedies to pursue a breach of contract claim on the promissory note or to reassert its original claim on the Beaumont job. The court of appeals erred in reversing the judgment of the trial court.

■■■ The jury found in favor of Murray on Crest's tortious interference claim. In reversing the trial court's judgment on the jury verdict, the court of appeals concluded that Murray tortiously interfered with Crest's contract with the general contractor as a matter of law by filing a lien. The elements of a tortious interference claim are: the existence of a contract subject to interference, an act of interference that was willful and intentional, such an act was a proximate cause of plaintiff's damages, and actual damage or loss occurred. *Holloway v. Skinner,* 898 S.W.2d 793, 795–96 (Tex.1995). A party is privileged to interfere with the contractual relations of another if it is done in a bona fide exercise of its own rights, or if he has an equal or superior right in the subject matter to that of the other party. *Victoria Bank & Trust Co. v. Brady,* 811 S.W.2d 931,

---

1. James Murray died after this dispute arose but before suit was filed. Judy Murray then brought this suit individually and as independent executrix of James Murray's estate.

939 (Tex.1991); *Sterner v. Marathon Oil Co.,* 767 S.W.2d 686, 691 (Tex.1989). Crest's breach of the settlement agreement allowed Murray to pursue a breach of contract claim on the settlement agreement or to reassert its original claims. Because Murray was privileged to file a lien against the Beaumont property, Crest failed to prove as a matter of law its tortious interference claim. Thus here, the court of appeals also erred in reversing the trial court's judgment.

The remaining points of error pertaining to the Borden and Cooper jobs present identical legal issues and may be treated together. Murray and Crest entered into contracts on the Borden and Cooper jobs by oral agreement. The trial court submitted questions regarding the breach of these contracts but rendered judgment in favor of Murray based on quantum meruit. The court of appeals reversed finding that the existence of a contract prohibited a recovery under quantum meruit as a matter of law. The court of appeals, again, erred in reversing the trial court judgment.

Generally, a party may not recover under quantum meruit when there is an express contract covering the services or materials furnished. *Truly v. Austin,* 744 S.W.2d 934, 936 (Tex.1988). Construction contracts are an exception to this rule. It is undisputed that Murray has failed to substantially perform the Borden and Cooper jobs, a condition precedent to recovery under the express contract. *See Dobbins v. Redden,* 785 S.W.2d 377, 378 (Tex.1990). Even though Murray may not recover under the express contract, Murray may bring an action in quantum meruit to recover the amount of benefits conferred by its partial performance on to Crest. *Id.* Additionally, because we find that Murray was entitled to recovery based on quantum meruit, the trial court's exclusion of unexecuted written contracts offered by Crest to prove the terms of the Borden and Cooper contracts was not harmful. *See* TEX.R.APP.P. 81(b)(1).

Without hearing oral argument we grant both Murray and Crest's applications for writ of error, reverse the judgment of the court of appeals render judgment for Murray and remand the case to the trial court for further proceedings consistent with this opinion. TEX.R.APP.P. 170.