**John W. BUMB, Jr., Appellant,**

v.

**INTERCOMP TECHNOLOGIES, L.L.C., Appellee.**

No. 14–00–00502–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 20, 2001.

P.J. Murphey Harmon, Houston, for appellant.

J. Michael Bell, Houston, for appellee.

Panel consists of Chief Justice BRISTER and Justices FOWLER and SEYMORE.

## OPINION

BRISTER, Chief Justice.

Appellant, John W. Bumb, Jr., appeals from an adverse summary judgment granted on his breach of contract claims against his employer, appellee InterComp Technologies, L.L.C. Finding no error by the trial court, we affirm.

Bumb's employment contract provided that after July 31, 1995, either party could terminate their relationship at will by giving ninety (90) days notice. On August 4, 1995, InterComp notified Bumb that his employment was terminated effective November 3, 1995. According to Bumb, InterComp also informed him on September 25, 1995, that the company was "not going to pay [him] for vacation or anything else," and refused to pay his salary or reimburse him for expenses thereafter, although he continued to perform his duties until November 3, 1995. Bumb admits that on October 12, 1995, he downloaded copies of InterComp software in violation of his employment contract, arguing that he did so in order to protect himself from a claim that the software he had developed was defective.

Bumb did not file his suit against InterComp for unpaid salary and expenses until July 10, 1999, almost four years later. InterComp moved for summary judgment, alleging that it was excused from further performance under the contract when Bumb breached the contract by downloading software. In response, Bumb claimed InterComp breached the contract first by orally repudiating the contract on September 25, 1995, and by failing to pay salary and expenses on October 1, 1995. The

trial court agreed with InterComp, and granted the summary judgment.

## The Anticipatory Breach

In a single point of error, Bumb argues the summary judgment was improper as fact issues existed as to whether Inter-Comp breached the contract first. Viewing the summary judgment evidence in the light most favorable to Bumb, *see Morgan v. Anthony,* 27 S.W.3d 928, 929 (Tex.2000), we must decide whether InterComp's alleged announcement that it would stop paying Bumb excuses his subsequent misappropriation of InterComp's software.

■ We agree with InterComp that it does not. Under Texas law, an anticipatory repudiation gives the nonrepudiating party the option to treat the repudiation as a breach, or ignore it and await the agreed upon time of performance. *Ingersoll–Rand Co. v. Valero Energy Corp.,* 997 S.W.2d 203, 211 (Tex.1999). The nonrepudiating party must do one or the other; it cannot do both. *Griffith v. Porter,* 817 S.W.2d 131, 135 (Tex.App.—Tyler 1991, no writ). By choosing to file suit after the time for performance of the contract, Bumb elected to ignore the anticipatory repudiation. *Lufkin Nursing Home, Inc. v. Colonial Inv. Corp.,* 491 S.W.2d 459, 463 (Tex.Civ.App.—Amarillo 1973, no writ). Under this option, the nonrepudiating party must continue to comply with the contract:

> He [the nonrepudiating party] remains subject to all his own obligations and liabilities under it, and enables the other party not only to complete the contract, if so advised, notwithstanding his previous repudiation of it, but also to take advantage of any supervening circumstances which would justify him in declining to complete it.

*Pollack v. Pollack,* 39 S.W.2d 853, 857 (Tex. Com.App. 1931, holding approved).

■ Here, by waiting to sue until after InterComp's performance was due, Bumb was obligated to continue performing under the contract, and any breach on his own part prior to the November 3, 1995 termination date excused InterComp from further performance. Thus, Bumb's misappropriation of InterComp's software on October 12, 1995 bars his suit for any breaches thereafter.

## Breach of Contract before October 12, 1995

■ As to occurrences before that date, Bumb asserts that summary judgment was improper because InterComp failed to pay his October salary[1] or reimburse him for expenses he had submitted. As to the salary claim, an addendum to his contract provided that Bumb's monthly salary was payable "in arrears." Thus, payment for Bumb's services during October was not due until November 1, 1995, a date *after* Bumb's October 12, 1995 breach of contract. As to the his claim for expenses, the same addendum required "appropriate support" before they would be reimbursed. In response to InterComp's evidence that he never submitted the required support, Bumb's affidavit states only that expense reports and receipts were in InterComp's possession when he left the company on November 3, 1995. There is no proof that the required support had been provided to InterComp until a date *after* Bumb's October 12, 1995 breach of contract.

---

1. Bumb's affidavit does not establish whether the salary he claims was due on October 1st was for services performed in September or October, but the Response to which it was attached makes clear that his claim was for services performed during October of 1995.

The appellant's sole point of error is overruled, and the judgment is affirmed.