Opinion issued February 8, 2007 

 











In The

Court of Appeals

For The

First District of Texas






NO. 01-05-00788-CV






PEPI CORPORATION, Appellant


V.


BRETT GALLIFORD, D/B/A GREEN ELECTRONICS, Appellee






On Appeal from the County Civil Court at Law No. 1

Harris County, Texas

Trial Court Cause No. 803458






DISSENTING OPINION


 The majority errs in concluding that because "recovery under a breach-of-contract claim is available" to appellee, Brett Galliford doing business as Green
Electronics, his "recovery under quantum meruit is precluded." Accordingly, I
respectfully dissent. 

Factual Background

 Appellant, Pepi Corporation, contracted with M. J. Duncan & Associates
("Duncan") to build a restaurant for Pepi Corporation. Duncan then subcontracted
with Galliford to complete the electrical work for the restaurant. 

 Galliford testified that after he started working on the project in 1999, Duncan
did not pay him. Galliford spoke with Duncan who told him that he "was waiting on" 
Pepi Corporation to pay him before he could pay Galliford. Galliford then called
Albert Pepi and "explained that we weren't getting paid on the job and to see if
Duncan was really telling the truth about him not getting paid. And [Pepi] said he
wasn't aware of it." Pepi then told Galliford, "Don't worry about it. Everybody will
get paid. You will be paid." Galliford explained that Pepi did not say, "I will make
sure Duncan pays you." Pepi specifically stated that "I'll make sure you get paid." 
 In a second conversation with Pepi, after Galliford informed Pepi that he was
"going to file an intent to lien," Pepi again told Galliford "I'm going to make sure that
everybody is going to get paid." In three subsequent conversations with Pepi, Pepi
explained to Galliford that "they were having issues with Duncan," but in each
conversation, Pepi told Galliford, "Don't worry. Everyone is going to get paid. I'm
going to make sure of that." 

 The project "drug into the end of [19]99 to the beginning of [20]00." Galliford
testified that he continued to work on the project after he had not been paid by
Duncan because he thought he would be paid by Pepi because of what Pepi "promised
and told" him in the phone conversations. Galliford "never got paid anything" for his
work on the restaurant. 

 Pepi testified that in regard to the problems he had with Duncan, he "may have
heard from subcontractors," but he did not "recall any specific conversation with
Green Electronics." Nor did Pepi "recall" the name of another subcontractor, A-1
Plumbing, and being sued by A-1 for nonpayment. Nevertheless, Pepi further
testified that he "never" assured Galliford that he would be paid, and he never agreed
to pay Green Electronics directly. 

 Based on this evidence the trial court found that Galliford rendered services to
Pepi Corporation after "a question had arisen in the contract that he had with
Duncan." It further found that,

 [The] services were rendered to [Pepi Corporation] with the knowledge
and understanding of [Pepi] in this matter that these services were being
rendered subsequent to that question. But not only were those services
accepted in the new like environment, that they were encouraged. That
they were relied upon. That [Galliford] relied upon representation from
[Pepi], and that [Pepi] was on notice of those features. 


 The specific representation for the record, the Court finds, was made
when [Pepi] said that [Pepi] would make sure that [Galliford] got paid. 


 . . . .

 The court listened to [Pepi]: He didn't recall making that statement. He
believed that he did not. I have the affirmative testimony from
[Galliford] saying that that was the conversation on several times. I
believe that that is the preponderance of the evidence that supports that
finding of fact and conclusion. 


Quantum Meruit

 Quantum meruit is an equitable remedy based on the promise implied by law
to pay for beneficial services rendered and knowingly accepted. Vortt Exploration
Co., Inc. v. Chevron U.S.A., Inc., 787 S.W.2d 942, 944 (Tex. 1990). Founded on
unjust enrichment, quantum meruit "will be had when non payment for the services
rendered would 'result in an unjust enrichment to the party benefitted by the work.'"

Id. (quoting City of Ingleside v. Stewart, 554 S.W.2d 939, 943 (Tex. Civ.
App.--Corpus Christi 1977, writ ref'd n.r.e.)). To recover under quantum meruit, a
claimant must prove that,

 (1) valuable services were rendered or materials furnished; 

 (2) for the person sought to be charged; 

 (3) which services and materials were accepted by the person sought
to be charged, used and enjoyed by him; 


 (4) under such circumstances as reasonably notified the person
sought to be charged that the plaintiff in performing such services
was expecting to be paid by the person sought to be charged.


Id. 


 "Generally, a party may not recover under quantum meruit when there is an
express contract covering the services or materials furnished." Murray v. Crest
Const., Inc., 900 S.W.2d 342, 345 (Tex. 1995). This Court has recently noted that
"[i]n contending that recovery under quantum meruit is precluded, the defendant can
assert the affirmative defense that there was a valid, express contract with the
defendant covering the supplied services." Tricon Tool & Supply, Inc. v. Thumann,
No. 01-04-01061-CV, 2006 WL 3316993, at *5 (Tex. App.--Houston [1st Dist.]
Nov. 16, 2006, no pet. h.) (citing Vortt Exploration Co., Inc., 787 S.W.2d at 944). 
This is because "parties should be bound by their express agreements." Fortune
Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 684 (Tex. 2000). When a valid agreement
already addresses the matter, recovery under an equitable theory is inconsistent with
the express agreement. Id. 

 Here, there was no express contract between Galliford, the plaintiff, and Pepi,
the defendant. In regard to the contract between Galliford and Duncan, Duncan
breached that contract in failing to pay Galliford, who stopped working on the project
after Duncan did not pay him. Accordingly, Pepi is not entitled to assert the
affirmative defense that there was a valid, express contract covering the materials and
services provided by Galliford. 

 Moreover, "[c]onstruction contracts are an exception" to the general rule that
a party may not recover under quantum meruit when there is an express contract
covering the services or materials furnished. Murray, 900 S.W.2d at 345. In Murray,
the supreme court held that even though a subcontractor could not recover on its
express contract with a contractor, the subcontractor could "bring an action in
quantum meruit to recover the amount of benefits conferred by its partial
performance" on its contract with the contractor. Id. As emphasized by the supreme
court,

 Central to the contractor's right to recover in quantum meruit is the
owner's acceptance and retention of the benefits arising as a direct result
of the contractor's partial performance.


Truly v. Austin, 744 S.W.2d 934, 937 (Tex. 1988). This is not a case in which
Galliford partially performed on his contract with Duncan--Galliford completed his
work. However, Pepi was "having issues with Duncan," (1) and Duncan breached its
contract with Galliford, who stopped working on the project after Duncan failed to
pay him. As found by the trial court, only after Pepi told Galliford, "I'll make sure
you get paid," did Galliford complete his work on Pepi's restaurant. 

 Construction cases are not subject to the general rule that a party may not
recover under quantum meruit when there is an express contract because, in
construction cases, the plaintiffs provide "labor and materials for the direct benefit
of property owners" and "the defendant retains a tangible product of value." Id. The
point is that recovery in quantum meruit is based on equity. Id. at 938. Here, not
only did Pepi accept and retain the benefits of Galliford's work and materials, he
directly assured Galliford that he would be compensated for his labor and materials
after Duncan had breached its contract with Galliford. Thus, equity supports
Galliford's recovery against Pepi in quantum meruit.






 




 Accordingly, I would hold that the trial court did not err in entering judgment
in favor of Galliford on his quantum meruit claim on the ground that it is barred 
because of Galliford's contract with Duncan. I would overrule Pepi Corporation's
second issue and address its remaining issues. 

 Terry Jennings

 Justice


Panel consists of Justices Jennings, Hanks, Higley.


Justice Jennings, dissenting.

1. The record reflects that Pepi actually paid Duncan approximately 40% of what Pepi
had agreed to pay Duncan for building the restaurant.