Reversed and Rendered in Part and Reversed and Remanded in Part and Memorandum
Opinion filed February 9, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-08-00327-CV

___________________

 

Salomon Juan Hernandez,
Appellant

 

V.

 

Joseph J. LaBella and LaBella Dennis &
Associates, P.L.L.C., Appellees



 



 

On
Appeal from the 284th District Court

Montgomery County,
Texas



Trial Court Cause No. 04-08-06362-CV

 



 

 

MEMORANDUM OPINION

Appellant, Salomon Juan Hernandez, sued appellees,
Joseph J. LaBella and LaBella, Dennis & Associates, P.L.L.C., for breach of
fiduciary duty arising out of their legal representation of appellant.  After
the jury rendered a verdict in favor of appellant, the parties negotiated a
settlement of the dispute.  Following a short delay by a third party in the
completion of one of the terms of the settlement agreement, the trial court
entered a final judgment holding that (1) the settlement agreement was
unenforceable; (2) the issue of damages in the case was a question of law for
the court; and (3) appellant’s damages were limited to the forfeiture of the
$1,000.00 fee collected by appellees.  We reverse.

Factual and Procedural Background

In 2001 appellant was convicted of driving while
intoxicated and placed on probation.  In March 2004, while still on probation,
appellant was arrested for public intoxication.  Facing both the public
intoxication charge and a motion to revoke his probation, appellant retained
appellees for a flat fee of $1,000.00.

April 5, 2004 was appellant’s court date on the
public intoxication charge.  Appellant appeared at the Conroe Municipal Court,
however, neither LaBella nor anyone from LaBella’s firm appeared to represent
appellant.  Unsure what to do when his case was called, appellant pled guilty
to the public intoxication charge.  Following appellant’s guilty plea, a motion
to revoke his probation was filed and appellant was arrested when he made a
scheduled visit to his probation officer.  As a result, appellant was in jail
from June 16 until July 9, 2004.

Having failed to appear on April 5, 2004, LaBella
appealed appellant’s public intoxication conviction to county court.  On July
9, 2004, the motion to revoke appellant’s probation was withdrawn and appellant
was released from jail.  Once appellant was released from jail, LaBella
demanded an additional $5,000.00 fee from appellant as well as appellant’s
employer.  From that initial demand, LaBella made numerous threats against
appellant, appellant’s employer, and appellant’s psychologist regarding this
additional amount of money.

Eventually, appellant initiated a breach of fiduciary
duty lawsuit against appellees.  The case went to trial and on January 17,
2008, the jury returned a verdict in favor of appellant.  The jury found that
(1) appellees had an attorney-client relationship with appellant; (2) appellees
failed to comply with the fiduciary duty they owed to appellant; and (3)
appellant’s damages were $500,000.00.

Following the jury verdict, the parties agreed to
settle their dispute.  The Settlement Agreement provides, in pertinent part:

1.         LaBella
shall pay to Hernandez $100,000.00 by cashier’s check or money order by 1 p.m.,
Friday, January 18, 2008.

2.         LaBella
and Hernandez shall execute mutual releases of each other and their attorneys,
agents, heirs, successors, assigns, and representatives of any and all claims
that were brought or that could have been brought in this lawsuit.

3.         Hernandez
shall nonsuit his lawsuit against LaBella and LaBella Dennis & Associates
PLLC with prejudice upon receipt of the funds in paragraph 1.

4.         LaBella
shall dismiss with prejudice his lawsuit against Stephen Dennis, Kandis Renee
Garrett Dennis Individually and as Executrix of the Estate of James H. Garrett
in the 9th District Court under cause number 06-05-04490-CV and all
of those people shall dismiss their counterclaims with prejudice against
LaBella in that lawsuit.[1]

The Settlement Agreement was
then signed by appellant, appellant’s attorneys, LaBella, and appellees’
attorney.  The Settlement Agreement was then filed with the trial court.

            Problems quickly began
to develop with the pending settlement.  First, LaBella had difficulties timely
funding the $100,000.00 payment owed to appellant and asked for a delay. 
Appellant agreed to extend the time for LaBella to make the $100,000.00 payment
until the following week, after the Martin Luther King holiday.  In addition,
LaBella’s attorney drafted various settlement documents that included mutual
releases and an agreed order of dismissal of the LaBalle-Dennis litigation. 
Appellant’s attorney responded with suggested changes and LaBella accepted
those changes.  LaBella then asked appellant’s counsel to forward the
Labella-Dennis dismissal documents to Mr. Medley, Dennis’s attorney.

On January 22, 2008, LaBella’s attorney sent
appellant a letter notifying appellant that LaBella was ready to fund the
settlement.  LaBella also requested signatures on all settlement documents.  That
same day, Medley refused to sign the dismissal documents which had been forwarded
by appellant’s counsel.  In a January 22, 2008 letter sent to appellant’s
counsel, Medley explained: “[m]y clients have instructed me not to
execute the order (as a matter of substance, and not merely of form).” 
Appellant’s counsel then talked to Medley and learned that he was unwilling to
sign the LaBella-Dennis dismissal documents because the documents did not
indicate their purpose and Medley had not heard from either LaBella or
LaBella’s counsel.  On January 23, 2008, Medley notified appellant’s counsel he
had no objection to a proper motion for and order of dismissal of the
LaBella-Dennis litigation.  On January 24, 2008 Medley sent appellees’ attorney
an executed agreed motion and order of dismissal in the LaBella-Dennis
litigation.

On January 22, 2008, within hours of learning of
Medley’s initial refusal to sign the dismissal documents, appellees filed a
document in the trial court entitled: “Joseph J. LaBella’s and Labella Dennis
& Associates P.L.L.C.’s Election of Remedy for Material Breach of
Settlement Agreement, Motion for Judgment Non Obstante Veredicto, or for
Remittur, re-Urged Motion for Mistrial, Re-Urged Motion for Directed Verdict,
Motion to Set Aside the Verdict, and Motion for New Trial.”  In this document,
appellees argued Medley’s initial refusal to sign the LaBella-Dennis dismissal
documents constituted an absolute repudiation of the Settlement Agreement
allowing appellees to elect the remedy of declaring the Settlement Agreement
breached and unenforceable thereby returning the litigation to its posture
prior to the signing of the Settlement Agreement.  In response, appellant filed
a motion to enforce the Settlement Agreement.

After a bench trial on the disputed Settlement
Agreement, the trial court entered a final judgment holding (1) the Settlement
Agreement was unenforceable and the case was returned to its posture before the
attempted settlement; (2) the issue of damages for breach of fiduciary duty is
a question of law;[2]
and (3) appellees were to forfeit their $1,000.00 fee as damages for their
breach of fiduciary duty.  This appeal followed.

Discussion

            While appellant
raises five issues on appeal, they can be divided into two groups.  First,
appellant contends the trial court erred when it (1) ruled the issue of damages
for breach of fiduciary duty is a question of law for the trial court, (2)
disregarded the jury’s damages finding, and (3) determined appellant’s damages
were limited to appellees’ forfeiting their $1,000.00 fee.  Second, appellant
argues the trial court erred when it determined the Settlement Agreement was
breached and unenforceable as a result of a third party’s failure to perform, thereby
allowing appellees to elect the remedy of setting the Settlement Agreement
aside.  Because they are dispositive, we need only address appellant’s second
group of issues.[3]

I.         Did the trial
court err when it refused to enforce the Settlement Agreement?

            A.        The Standard
of Review

            The law of
contracts is applicable to settlement agreements.  Shaw v. Kennedy, Ltd.,
879 S.W.2d 240, 247 (Tex. App.—Amarillo 1994, writ denied).  Once the parties
accept the terms of the settlement, the agreement is binding and can be
enforced by the courts.  Id.  When, as in this case, the contract is
unambiguous and the relevant facts are undisputed, we interpret the contract
and determine whether a party has breached the contract as a matter of law.  Gupta
v. E. Idaho Tumor Inst., 140 S.W.3d 747, 756 (Tex. App.—Houston [14th
Dist.] 2004, pet. denied).

            B.        Was
the Settlement Agreement enforceable?

            Citing Murray
v. Crest Const., Inc., appellees argued in the trial court and again here
that Medley’s January 22, 2008 letter constituted an anticipatory repudiation
or breach of the Settlement Agreement which permitted appellees to elect not to
go forward with the Settlement Agreement.  Murray v. Crest Const., Inc.,
900 S.W.2d 342, 344 (Tex. 1995).  We disagree.

            If a settlement
agreement is breached by one of the parties, the other party may treat the
agreement as repudiated and claim rights either under the settlement or the
underlying cause of action.  Shaw, 879 S.W.2d at 247.  An anticipatory
repudiation of a contract may consist of either words or actions by a party to
a contract which indicate an intention that he or she is not going to perform
the contract according to its terms in the future.  Builders Sand, Inc. v.
Turtur, 678 S.W.2d 115, 120 (Tex. App.—Houston [14th Dist.] 1984, no
writ).  The intention to abandon a contract must be expressed in positive and
unconditional terms.  Pollack v. Pollack, 39 S.W.2d 853, 856–57 (Tex.
Comm’n App. 1931, holding approved).

            A party claiming
anticipatory breach of a contract must establish the following three elements:
(1) a party to a contract has absolutely repudiated the obligation; (2) without
just excuse; and (3) the other party is damaged as a result.  Id. at
855; Hauglum v. Durst, 769 S.W.2d 646, 651 (Tex. App.—Corpus Christi
1989, no writ).  Appellees’ claim of anticipatory repudiation falls short on
each element; however, we need only address the first.

            We conclude that no
party to the Settlement Agreement absolutely repudiated an obligation under the
Settlement Agreement when appellant forwarded Medley’s January 22, 2008 letter
to appellees’ attorney.  The January 22, 2008 letter from Medley cannot
represent an absolute repudiation by a party as neither Stephen Dennis nor
Kandis Renee Garrett Dennis, Medley’s clients, were parties to the Settlement
Agreement.  See Willis v. Donnelly, 199 S.W.3d 262, 271 (Tex. 2006)
(holding that shareholder of corporate defendant was not a party to agreement as
he had no duties under the agreement and refused to sign the agreement); see
also Haddad v. Bagwell, 317 S.W.2d 781, 786 (Tex. App.—Amarillo 1958, writ
ref’d n.r.e.) (holding architects were not parties to contract at issue in
litigation even though the parties to the contract agreed architects would do
certain things).

Appellees attempt to avoid this simple fact by
arguing appellant’s forwarding Medley’s letter to appellees’ attorney
constituted a material breach of a contractual duty to obtain a signature from
the Dennis parties.  Appellees’ argument is not persuasive.  Even if we were to
accept appellees’ contention that appellant alone had the contractual duty to
obtain the Dennis parties’ signatures on documents dismissing the LaBella-Dennis
litigation, the fact appellant’s attorney forwarded, without comment, a copy of
Medley’s letter to appellees, is insufficient to constitute a distinct and
absolute refusal to perform the Settlement Agreement by appellant.  See
McKenzie v. Farr, 541 S.W.2d 879, 882 (Tex. App.—Beaumont 1976, writ ref’d n.r.e.)
(holding that a party not in default will be justified in treating the contract
as repudiated or abandoned only where the other party to the agreement by his
conduct or misconduct, clearly shows a fixed intention during nonperformance to
repudiate the agreement and not to comply with its terms in the future).  The
undisputed evidence also demonstrates that appellant continued his efforts to
obtain the Dennis parties’ approval of the dismissal of the LaBella-Dennis
litigation and attempted to deliver the executed LaBella-Dennis settlement
documents two days later on January 24, 2008, which appellees would not accept. 
Therefore, we hold that (1) appellant did not repudiate or breach the
Settlement Agreement as a result of Medley’s initial refusal to execute the
LaBalla-Dennis dismissal documents, and (2) the Settlement Agreement was an
enforceable contract between appellant and appellees.

C.        Did appellees breach the Settlement
Agreement?

Finally, the undisputed evidence establishes appellees
materially breached the Settlement Agreement when they rejected the delivery of
the LaBella-Dennis dismissal documents and refused to pay appellant the
required $100,000.00 settlement amount.  Therefore, we sustain appellant’s
third, fourth, and fifth issues on appeal.[4] 


Conclusion

            Having sustained
appellant’s third, fourth, and fifth issues, we reverse the judgment of the
trial court and render judgment that (1) the Settlement Agreement was
enforceable; (2) appellees breached the Settlement Agreement when they refused
to perform their obligation to pay appellant $100,000.00; and (3) appellant
recover $100,000.00 from appellees.  We remand to the trial court for further
proceedings to determine appellant’s entitlement to prejudgment interest and
the calculation of the amount of prejudgment interest to be awarded, if any.                                                                                                                                                                                            

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson, and Boyce.

 









[1] This clause refers to a
separate, unrelated lawsuit.  Stephen Dennis testified during the jury trial of
this lawsuit as a witness for appellant.





[2] The Supreme Court held
that forfeiture of an attorney’s fee is an appropriate remedy when an attorney
breaches his fiduciary duty to a client even in the absence of actual damages. 
Burrow v. Arce, 997 S.W.2d 229, 240 (Tex. 1999). 





[3] We address appellant’s
issues on the enforceability of the Settlement Agreement first because
appellant, when faced with appellees’ refusal to pay appellant the required
$100,000.00, filed a motion seeking to enforce the Settlement Agreement rather
than rescinding it and seeking a judgment based on the jury’s verdict.  Having
made that election, appellant cannot now, on appeal, ignore that election and
attempt to pursue his underlying breach of fiduciary duty cause of action.  See
Hanks v. GAB Bus. Servs., Inc., 644 S.W.2d 707, 708 (Tex. 1980) (holding
that a non-breaching party must decide whether to rescind the contract or seek
to enforce it when the material breach occurred rather than waiting until after
trial to decide, and stating that a non-breaching party waives its right to
rescind a contract based on the other party’s material breach by (1) treating
the contract as still in effect following the material breach, and (2) filing
suit to enforce the contract); Bumb v. InterComp Technologies, L.L.C.,
64 S.W.3d 123, 125 (Tex. App.—Houston [14th Dist.] 2001, pet. denied) (holding
that a nonrepudiating party must either treat a repudiation of a contract as a
breach or ignore it and wait for the time of performance, it cannot do both). 





[4] Because we have sustained
appellant’s third, fourth, and fifth issues, we need not address his first
three issues addressing his breach of fiduciary duty cause of action.  Tex. R.
App. P. 47.1.