Opinion issued November 18, 2010.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-08-00918-CV

———————————

Rasa Floors, L.P., Appellant

V.

Spring
Village Partners, Ltd., Appellee



 



 

On Appeal from the County Civil Court at Law No. 1 

Harris County, Texas



Trial Court Case No. 908373

 



 

MEMORANDUM OPINION

          As
part of a renovation project, an apartment complex owner hired a contractor to
install new wood and tile floors in apartment units.  When the owner failed to pay the contractor’s
invoices for the floor installations, the contractor sued on a sworn account,
and alternatively for breach of contract or recovery in quantum meruit.  The apartment owner countersued for breach of
contract, breach of warranty, and fraud. 


          A
jury found neither party liable under a contract.  It awarded no damages under the owner’s fraud
claim.  But it awarded $5,000 in damages
to the apartment owner for breach of warranty and $29,000 to the contractor
under its quantum meruit claim.  The
trial court disregarded the jury’s quantum meruit finding, and refused to
offset it against the warranty damages, which would have resulted in a judgment
for the contractor.  The trial court
entered judgment on the verdict to the apartment owner for the $5,000 for
breach of warranty, but refused to award it attorney’s fees.  

          The
contractor appeals, claiming that it should have judgment on its pleading for a
sworn account, and that the breach of warranty finding is not supported by
legally sufficient evidence. 
Alternatively, it claims that it should recover its quantum meruit
damages, offset by the jury’s breach of warranty damage finding should we find
it legally sufficient, plus its attorney’s fees.  The apartment owner also appeals, requesting
that it be awarded its attorney’s fees on its breach of warranty claim.

          We
conclude that the contractor is not entitled to judgment on its sworn account
pleadings and that legally sufficient evidence supports the jury’s finding for
breach of warranty.  We further conclude
that the trial court erred in disregarding the jury’s finding in quantum
meruit, and that the contractor was entitled to judgment on that finding,
offset by the warranty damages.  We affirm
in part, reverse in part, and remand the case to the trial court for entry of a
new judgment and for reconsideration of attorney’s fees in light of our
rulings.

BACKGROUND

Spring Village Partners, Ltd. owns
an apartment complex on Chimney Rock in the southwest area of Houston.  The complex had fallen into disrepair, and
Spring Village hired Rasa Floors, L.P. to assist in apartment renovations by
replacing the existing flooring in some of the apartments with vinyl plank
flooring.  Rasa installs flooring
exclusively in apartment complexes, has operations throughout the state, and
installs flooring in about three to five thousand apartment units each
month.  Joe Slaughter, Rasa’s principal,
bid $1.50 per square foot to install the flooring.  

Upon completion of the work, Rasa
presented invoices to Cecilia Lascu, a principal of Spring Village.   She reviewed the invoices and found them to
be excessive in light of the size of the job.  
For example, Rasa charged $1900 for a 500-square-foot apartment, $400
more than the bid price.  Concerned about
the bills, she asked a maintenance worker to measure the apartment square
footage.  His measurements confirmed to
her that the invoices averaged about 30% more than the $1.50 per square foot
that Slaughter bid for the project.  She
testified that a similar issue arose from Rasa’s installation of carpet at the
apartments, but when she pointed out the discrepancy, Rasa issued new invoices
for the correct amount.  Spring Village’s
apartment manager at the time also testified that she signed work orders for
particular apartments, but those orders never included a bid price.  She also attended the meeting during which
Slaughter and Lascu agreed on a price and remembered it to be $1.50 per square
foot, installed.

          In
contrast, Rasa argued at trial that it faxed a written bid to the property
before it installed the flooring that reflected the invoiced prices.  It pointed out that it charges additional
fees often associated with a flooring project, for services like removing old
flooring, cutting around bath fixtures, preparing the floor, and moving
appliances.  Michael Rasa, the president
and chief executive of Rasa, testified that these fees are in addition to the
square footage installation price, and that no flooring company could make a
profit based on a quote of $1.50 per square foot if the quote included these
other services at no charge.  In
addition, each job results in a certain percentage of “waste plank” that
factors into the square footage calculation. 
It is customary in the industry to include the waste plank in the square
footage numbers.  

          Joe
Slaughter, the Rasa sales representative that sold the flooring to Spring
Village testified that he never offered to sell the planking for $1.50 per
square foot, installed.  Instead, he
offered to measure the units and submit a written formal bid proposal.  He also took issue with the measurements
provided by Lascu for the apartments in question, pointing out errors in
calculating square footage, or areas that should have been included in the
Spring Village version of the measurements but were not.

Lascu believed the written bids
were in error and introduced cell phone records that demonstrated her efforts
to contact Rasa in an attempt to rectify the error.  Rasa proceeded with the installation without
a signed authorization on the written bid. 


          Lascu
also complained that Rasa did a shoddy job installing the vinyl planking.  It did not “finish” the plank ends that
butted against the walls, and it damaged the apartments in the installation
process.  She hired another contractor to
repair the damage, whom she paid $1,650.  
In a letter to Rasa, she demanded that it provide supporting
documentation for its invoices, and notified it of the problems with the
flooring.  After efforts to settle the
account failed, Rasa placed a lien on the property and filed suit.

          After
a two day trial, the jury found that the parties had an agreement to install
floors and that Spring Village would pay the price quoted in the bids.  The jury found that both parties failed to
comply with the agreement, but that their failure to comply with the agreement
was excused.  Because the trial court predicated
damages for breach of contract on compliance with the agreement, the jury
awarded no damages to either party for breach of contract.  In a separate set of questions, it found that
Rasa had failed to comply with a warranty based on (1) an express warranty, (2)
a warranty of suitability of the flooring materials, or (3) failing to perform
services in a workmanlike manner.  The
jury awarded Spring Village $5,000 in damages for this breach.  With respect to Rasa’s claim for quantum
meruit, the jury found that Rasa performed compensable work at a reasonable
value of $30,000.

          The
trial court rendered judgment on the jury’s verdict for Spring Villages’s
warranty claim, but did not award attorney’s fees.  It disregarded the jury findings favoring
Rasa’s quantum meruit claim.  It
discharged a statutory mechanic’s lien that Rasa had placed in the real
property records against the apartment complex property.  Both parties appeal the judgment.

DISCUSSION

Sworn
Account

          Part
of the dispute on appeal concerns the pleadings.   Rasa sued on a sworn account, and attached a
sworn statement of account for the services it rendered.  The account balance reflects that Spring
Village owes Rasa $50,093.  In its
amended answer and counterclaim, Spring Village denied that it owes the
charges, and included a verfication from Lascu. 
She verified the answer and counterclaim with the following
recital:  “I have personal knowledge of
the facts contained in Plaintiff/Counter-Defendant’s Answer and Verified
Denials and each fact is true and correct.” 
The verification is signed, and coupled on the following page with an
acknowledgment that “the person whose name is subscribed to the within
instrument and acknowledged to me that she executed the same in her authorized
capacity and that by her signature on the instrument the person, or the entity
upon behalf of which the person acted, executed the instrument.”  The acknowledgment is notarized by a Los
Angeles County notary.  Though her
signature verifies the answer and is notarized, Lascu does not swear to the
truth of the answer under penalty of perjury.

Rasa contends that we should
reverse the judgment and render judgment on the pleadings in its favor for
$39,492.25, plus attorney’s fees, because Spring Village never properly denied
Rasa’s request for judgment on a sworn account. 
It contends that Lascu’s verification does not comply with Texas Rule of
Civil Procedure 185 because a notary did not attest to it.  We disagree. 
The acknowledgment plainly refers to the verification signature in the
incorporated document of nine pages.  

Spring Village further contends
that the verification is inadequate because it is not under oath; that is,
Lascu’s signature is acknowledged, but she does not swear to the truth of the
answer.  We agree, but conclude that this
defect does not warrant reversal because the status of the sworn account was
tried to the jury by consent.  

Rasa did not object to the
submission of the breach of contract question to the jury, which asked:  

Did
Rasa Floors, L.P. and Spring Village Partners, Ltd. agree that Rasa Floors,
L.P. would provide and install carpet and planking to Spring Village Partners,
Ltd. as requested from time to time by Spring Village Partners, Ltd. and for
which Spring Village Partners, Ltd. would pay the prices therefore as quoted in
its written bids to Spring Village?

 

Nor did Rasa object to the submission that asked
whether Spring Village had failed to comply with the agreement.  

          Although
Rasa raised the issue of the defective answer to the sworn account in pre-trial
filings and in its post-verdict motions, it did not object on that basis in its
motion for directed verdict, nor to the submission of the issue of Spring
Village’s failure to pay on the contract to the jury.  By calling its director of credit and
accounts receivable as a witness, Rasa affirmatively adduced evidence at trial
about the status of Spring Village’s account, including the account balances over
time and the amount outstanding owed to it. 
It thereby tried the issue by consent. 
See S.W. Resolution Corp. v.
Watson, 964 S.W.2d 262, 264 (Tex. 1997) (holding that issue may be tried by
consent where there is both failure to object to testimony and failure to
object to submission to jury); LaStrada-San
Felipe, Ltd. v. ATW Plumbing Serv., Inc, No. 01-03-00547-CV, 2004 WL
1277580, at *6 (Tex. App.—Houston [1st Dist.] June 10, 2004, no pet.) (memo op.,
notdesignated for publication) (holding that “even if there were a pleading
defect,” defensive issue was tried by consent); Kahn v. Carlson, No. 05-98-01415-CV, 2001 WL 428710, *2 (Tex.
App.—Dallas Apr. 27, 2001, no pet.) (not designated for publication) (“[W]hile
we acknowledge that [defendant] should have filed a verified denial, we
conclude the breach of contract issue was tried by consent and without
objection.”).  Having tried the issue to
the jury, Rasa may not seek judgment on the pleadings on appeal.  We hold that Rasa has not shown that it is
entitled to judgment on its sworn account pleadings.

Breach of
Warranty

          Lascu
testified that Slaughter offered her Rasa’s lifetime warranty on the product
and installation of the plank.  Slaughter
disagreed, testifying that Rasa offers a lifetime warranty on carpet
installation, but only a thirteen month warranty on the plank, and that, in any
event, he and Lascu never had a conversation about warranties.  The thirteen month warranty was in effect at
the time of trial, but Slaughter noted that Lascu would have to pay the
invoices for that warranty to be effective. Rasa contends that the evidence is
legally and factually insufficient to uphold the jury’s verdict for breach of
warranty because Lascu’s testimony about a warranty lacks detail and because
Lascu did not rely on any warranty in deciding to purchase the flooring from
Rasa.  

          In
reviewing the legal sufficiency of the evidence, we view the evidence in the
light most favorable to the verdict, crediting favorable evidence if reasonable
jurors could, and disregarding contrary evidence unless reasonable jurors could
not.  See
City of Keller v. Wilson, 168 S.W.3d 802, 807 (Tex. 2005).  The evidence is legally insufficient when
there is a complete absence of evidence of a vital fact or the evidence offered
to prove a vital fact is no more than a mere scintilla.  Id.
at 810.  More than a scintilla of
evidence exists if the evidence supporting the finding, as a whole, “rises to a
level that would enable reasonable and fair-minded people to differ in their
conclusions.”  Merrell Dow Pharms., Inc. v. Havner, 953 S.W.2d 706, 711 (Tex. 1997)
(quoting Burroughs Wellcome Co. v. Crye,
907 S.W.2d 497, 499 (Tex. 1995)).  

The parties offered photographs of
the installed planking that revealed defects in some places.  In addition, a representative from Reader’s
Wholesale inspected the apartments approximately nine months after its
installation.  He testified that the
planking had been installed in a good and workmanlike manner.  But, in certain units, he acknowledged a few
gaps at the ends of some flooring and some “lifting” of the planking, where it
no longer adhered to the floor.   He
attributed this to moisture intrusion. 
He admitted that the floor adhesive was ordinarily designed to last 5
years, when properly installed.  Rasa’s own
representative, Slaughter, acknowledged that the flooring carried with it a
minimum of a thirteen month warranty.  In
addition, Lascu testified that she believed that Rasa would properly install
the floors, and that she withheld payment for Rasa’s work due to problems with
the installation.  We hold that such
evidence is legally and factually sufficient to support a claim for breach of
warranty.  See Emerson Elec. v. Am. Permanent Ware, 201 S.W.3d 301, 312
(Tex.App.—Dallas 2006, no pet.) (holding that, though disputed, testimony about
request for one year warranty supported jury’s finding that installer of heating
element provided such warranty). 

          Rasa
also complains that the trial court’s instruction to the jury for breach of
warranty was defective because it included the implied warranties for a
particular purpose and for performing services in a good and workmanlike
manner.  The trial court also submitted a
claim for breach of express warranty, but Rasa does not complain about it on
appeal.  Rasa concedes on appeal that the
evidence at trial supports the submission of each of these types of warranty
claims, but objects to the jury instructions because it contends that Spring
Village never pleaded claims for breach of any implied warranty. 

          Texas
follows a “fair notice” standard for pleading. Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 896 (Tex. 2000);
Tex. R. Civ. P. 47(a) (a pleading
“shall contain ... a short statement of the cause of action sufficient to give
fair notice of the claim involved...”).  The
"fair notice" requirement of Texas pleading relieves the pleader of
the burden of pleading evidentiary matters with meticulous particularity.  Bowen
v. Robinson, 227 S.W.3d 86, 91 (Tex.App.—Houston [1st Dist.] 2006, pet.
denied).  In determining whether a
pleading is adequate, we examine whether an opposing attorney of reasonable
competence, on review of the pleadings, can ascertain the nature and the basic
issues of the controversy and the testimony probably relevant.  Id.
 The notice pleading standard serves to
give the opposing party information sufficient to enable him to prepare a
defense. Roark v. Allen, 633 S.W.2d
804, 810 (Tex. 1982).  

In its amended petition, Spring
Village alleged:  “Rasa represented to
Spring Village that its work was accompanied by a life-time warranty.  There were numerous defects in the material
and workmanship provided by Rasa.  Spring
Village made a valid warranty claim to Rasa. 
Rasa’s refusal to perform the warranty work constitutes a breach of
warranty.”   In the factual background
section, incorporated by reference in the breach of warranty claim, Spring
Village further noted that “Rasa did not install the promised vinyl plank but
used a differently material and/or different color of material.”  We hold that the reference to defective
materials and workmanship, as well as the reference to unsuitable materials, sufficiently
notified Rasa that Spring Village was complaining about the implied warranties
of fitness for a particular purpose and of good workmanship.  Because the pleading sufficiently notified
Rasa of these theories, and the evidence supports their submission, we hold
that the trial court did not abuse its discretion by submitting these implied
warranties, together with the express warranty, for the jury’s consideration.

Quantum
Meruit and Offset

The charge asked the jury to decide
the reasonable value of the flooring work Rasa did for Spring Village under a
quantum meruit theory.  The jury awarded
$30,000.  In its motion for judgment,
Rasa requested that the trial court render a judgment for $30,000, less the
$5,000 awarded to Spring Village for breach of warranty.  No party objected to the submission of the
quantum meruit issue, nor argued that the jury’s answers were fatally
conflicting.  The trial court disregarded
the jury findings favoring Rasa’s quantum meruit claim and denied Rasa’s motion
for judgment.  

          Texas
Rule of Civil Procedure 302 governs the entry of judgment when both parties are
awarded damages, and a party seeking judgment has pleaded a right to offset.  Rule 302 states:  “If the defendant establishes a demand
against the plaintiff upon a counterclaim exceeding that established against
him by the plaintiff, the court shall render judgment for the defendant for
such excess.”  Here, Spring Village and
Rasa asserted claims against each other. 
Each established that the other owed it damages.  The amount of Rasa’s damages exceeded the
amount of Spring Village’s damages found by the jury.  The trial court thus should have offset the
damages findings and awarded the net amount in judgment to Rasa.  We hold that the trial court erred in
disregarding Rasa’s motion for judgment and request for offset.  The proper judgment on the jury verdict, net
of offset, is $25,000 to Rasa in actual damages.

          Spring
Village responds that Rasa is not entitled to judgment on its quantum meruit
claim because the jury found a valid contract and refused to award damags under
that contract.  Thus, Spring Village
argues, Rasa’s quantum meruit claim is barred by the jury’s findings on the
breach of contract claim.  It further
contends that equity bars Rasa’s claim because the jury found that Rasa
committed fraud against Spring Village, though it awarded no damages.  We disagree with both contentions.  

          Spring
Villages’s first argument is unavailing because it accepted services and materials
from Rasa, and thus Rasa was not barred from seeking a quantum meruit recovery
in the alternative to its breach of contract claim.  As a general rule, a party seeking to recover
the equivalent value of services and materials provided to another can recover
in quantum meruit only if there is no express contract for those services and
materials.         Murray v. Crest Constr.,
Inc., 900 S.W.2d 342, 345 (Tex. 1995);  Truly v.
Austin, 744 S.W.2d 934, 936 (Tex. 1988). 
An exception exists in construction cases, however, which permits a
breaching plaintiff to recover in quantum meruit for the value of services and
materials rendered, less any damage suffered by the defendant.  Murray,
900 S.W.2d at 345; Truly, 744
S.W.2d at 937; Chilton
Ins. Co. v. Pate & Pate Enters., Inc., 930 S.W.2d 877, 889 (Tex. App.—San
Antonio 1996, writ denied).  The key to
the right to recover in such cases is the acceptance, use, and enjoyment of the
benefits conferred.  Truly, 744 S.W.2d at 937; Chilton,
930 S.W.2d at 889.  Here, the jury
awarded Rasa the fair value of the work it performed.  When offset by the damages Spring Village
sustained due to Rasa’s breach of warranty, we hold that Rasa is entitled to a
quantum meruit recovery as an alternative to a contract recovery.  See Murray,
900 S.W.2d at 345; Chilton, 930
S.W.2d at 889.

As to the latter argument, the
jury’s refusal to award damages for any misrepresentation, together with its
award in favor of Rasa on its quantum meruit claim, undercuts Spring Village’s
equity argument.  Spring Village points
to no specific inequitable conduct, and it acknowledged at trial that it
received a good bit of flooring work and never made payment on it.  Although the jury concluded that some of this
work was not compensable work, and that Spring Village was entitled to
compensation for necessary warranty repairs, it also concluded that Rasa should
be compensated for the work it performed. 
We decline to disturb the jury’s verdict on the basis of equity on this
record. 

Attorney’s
Fees

          Rasa
contends that it is entitled to attorney’s fees on its quantum meruit claim
because it is the prevailing party, even after considering the offsetting award
to Spring Village.  Attorney’s fees are
recoverable in a cause of action for quantum meruit.  Tex. Civ. Prac. & Rem.
Code Ann. § 38.001
(Vernon 2008).  We remand the case to the
trial court to consider the reasonable and necessary fees, given the recovery
in the case.

Cross-Appeal

          Spring
Village cross-appeals the trial court’s judgment.  It contends that it was entitled to its
attorney’s fees for its breach of warranty claim.  And, as the parties stipulated to attorney’s
fees in the amount of $24,211.11, Spring Village should recover that amount
plus the $5,000 that the jury awarded to it on its breach of warranty claim,
plus interest and costs of court.

          The trial
court correctly declined to award attorney’s fees to Spring Village.  It is not the prevailing party because the
amount of loss resulting from Rasa’s breach of warranty is exceeded by the amount
the jury found that Spring Village owes Rasa on its quantum meruit claim, an amount
that Spring Village does not contest on appeal. 
We hold that the trial court did not err in denying Spring Village’s
request for attorney’s fees.  See Green Int’l, Inc. v. Solis, 951
S.W.2d 384, 390 (Tex. 1997) (holding that to recover attorney’s fees under
Chapter 38 of Civil Practice and Remedies Code, one must recover actual
damages). 

CONCLUSION

          We
conclude that Rasa is not entitled to judgment on its sworn account pleadings
because it tried by consent the issue of the amount owed.  We conclude that legally and factually
sufficient evidence supports the jury’s verdict for breach of warranty, and
that the amount the jury awarded in damages is not against the great weight and
preponderance of the evidence.  We
therefore affirm the judgment to the extent it agrees with the jury’s verdict
on Spring Village’s breach of warranty claim. 


          We
conclude that Rasa’s quantum meruit award is not barred by its failure to secure
damages for breach of contract or by equity, and conclude that Rasa is entitled
to judgment on its offsetting quantum meruit award, as its award exceeds Spring
Village’s award.  We therefore reverse
the judgment to the extent it disregards the jury’s quantum meruit award in
favor of Rasa and fails to offset that award against the damages finding in
favor of Spring Village.  

          Finally,
given this changed outcome, we conclude that Rasa is entitled to an award of reasonable
and necessary attorney’s fees.  We
therefore remand the case to the trial court to enter a new judgment in light
of our rulings and to consider Rasa’s request for reasonable and necessary
attorney’s fees, together with interest and costs of court.

 

 

                             

                                                                   Jane Bland

                                                                   Justice


 

Panel
consists of Justices Higley, Bland, and Massengale.